GIBBS *et al. v.* BLACKWELL *et al.*

40 51
29a 660

(April Term, 1864.)

1. ASSIGNMENT OF ERRORS—*must be on the record.* The assignment of errors should be upon the original record, or attached thereto.

2. SAME—*effect of non-compliance with the rule.* But when the errors had been assigned upon the abstract and brief, the court refused to dismiss the suit for non-compliance with the rule, on condition it was complied with at once.

3. Where a supersedeas has been awarded, inadvertently, without an assignment of errors on the record, the court, upon its attention being called to the omission, will require them to be assigned at once, and in default thereof, will dismiss the cause.

4. SAME—*within what time errors must be assigned.* But in such case, of the award of a supersedeas without a proper assignment of errors, the plaintiff in error, in the absence of a special direction so to do, is not obliged to assign errors on the record until the third day of the return term—the time within which the assignment of errors is required to be made, under the seventh rule, when the writ of error is not to operate as a supersedeas.

5. SCIRE FACIAS, *and service thereof—effect of neglect in respect thereto.* The neglect of a plaintiff in error who has procured the award of a supersedeas, to have a *scire facias* issued, or a failure to use reasonable diligence to have the same served in proper time, does not entitle the defendant to a dismissal; but he may join in error and have the cause heard at the return term, without giving the ten days' notice as required by the sixth rule.

6. PRINTED ABSTRACTS AND BRIEFS—*at what time objection may be taken that they are not filed.* Objection cannot be taken by the defendant to the failure of the plaintiff to file printed abstracts and brief, until the calling of the cause.

7. SAME—*effect of non-compliance with the rules.* Should the rule in regard to abstracts not be complied with on or before the calling of the cause, it will be continued or dismissed, at the discretion of the court.

WRIT OF ERROR to the Circuit Court of Henry county.

The record in this cause was filed on the 23d day of April, 1863, and, on the 13th of May following, the court ordered that the writ of error which should issue should operate as a supersedeas.

The assignment of errors was set forth in the written abstract and brief of the plaintiff, but was not written upon or attached to the original transcript of the record. There were no printed

abstracts or briefs filed, nor had the plaintiff deposited money with the clerk to enable him to cause the abstract to be printed; neither had he caused a writ of *scire facias* to be issued.

This being the condition of the cause, at the April Term, 1864, Mr. GEORGE W. SHAW, for the defendant in error, moved the court to dismiss the cause upon the grounds—*first*, that the errors were not assigned upon the record, as required by rule seven of this court; *second*, no *scire facias* had been issued; and, *third*, the rule in relation to filing printed abstracts and briefs had not been complied with.

Messrs. GLOVER, COOK & CAMPBELL against the motion.

Per CURIAM: The rule of the court requires the errors to be assigned upon the original record, or attached thereto; but the errors having been assigned upon the abstract and brief, upon condition that the rule be at once complied with, we will not regard the first objection as well taken. Where a writ of error is made to operate as a supersedeas, inadvertently, without an assignment of errors on the record, the court, upon its attention being called to the omission, will require them to be assigned at once, and, in default thereof, will dismiss the cause. The seventh rule of the court provides that, when a writ of error not operating as a supersedeas shall issue, the plaintiff in error shall, before the third day in the return term thereof, assign the particular errors of which he complains, and, if the errors are not thus assigned, the cause may be dismissed. In this case the writ of error was made a supersedeas, and, although inadvertently granted without an assignment of errors upon the record, still the party was not obliged to assign errors before the third day of the term, according to the seventh rule.

The fifty-sixth rule provides that where a writ of error is made a supersedeas, the plaintiff in error, on filing the record with the clerk, shall, at the same time, direct a *scire facias* to issue, and shall use reasonable diligence to have the same served ten days before the term. A neglect on the part of the plaint-iff in error to have a *scire facias* issued, or a failure to use

reasonable diligence to have the same served in proper time, does not entitle the defendant in error to have the cause dismissed, but he may join in error and have the cause heard at the present term, without giving the ten days' notice as required by the sixth rule.

The objection on account of the non-compliance with the rules in regard to printed abstracts and briefs is not well taken at this time; the cause is not yet called for hearing, and the rule on that subject may yet be complied with. Should the rule in regard to abstracts not be complied with, on or before the calling of the cause, it will be continued or dismissed, at the discretion of the court.

The counsel for the plaintiff is required by the thirteenth rule to file one copy of a printed brief of the points and authorities to be used in the argument of the cause, for the use of the opposite counsel, at least one day previous to the argument; until the cause comes on for argument the court cannot know that there is a failure to comply with that rule. The motion to dismiss must be denied.

*Motion denied.*