CAROLINE W. BENNESON *et al.*

*v.*

WILLIAM T. SAVAGE *et al.*

*Filed at Springfield January 22, 1886.*

1. PRACTICE IN THE SUPREME COURT—*omission to assign errors on the record*—*at what stage of the cause it may be done.* Where a case is brought to this court from the Appellate Court, the appellant or plaintiff in error is required to assign errors upon the record from the Appellate Court, and such assignment must be upon the record itself, or attached to it. It is not sufficient that the abstract shows an assignment of error as to the ruling of the Appellate Court.

2. When the attention of this court is called to the omission to assign errors on the record, before the cause is submitted, it may require such assignment to be made instanter, and on failure to do so, dismiss the appeal or writ of error. But after submission, it is too late to make such a rule, and there being no proper assignment, the suit will be dismissed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Adams county; the Hon. S. P. SHOPE, Judge, presiding.

Mr. W. H. BENNESON, for the plaintiffs in error.

Mr. WILLIAM W. BERRY, for the defendant in error William T. Savage.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This cause was heard in the circuit court of Adams county, where a decree of foreclosure was rendered in favor of complainants in the original bill, and the cross-bill filed by a part of defendants was dismissed for want of equity. Afterwards, the cause was heard in the Appellate Court for the Third District, on errors assigned on the record by the same

---

*See *Ditch et al.* v. *Sennott et al.* 116 Ill. 288.

defendants that had filed the cross-bill in the court below, and upon cross-errors assigned on the same record by the .complainant William T. Savage, when the decree of the circuit court was affirmed in all things. The record has since been brought into this court by the same plaintiffs in error that assigned errors on the record in the Appellate Court, but no errors have been assigned on the record, to the decision of the Appellate Court, as is required by the rule of this court shall be done. There having been no errors assigned on the record of the Appellate Court, there is and can be no joinder in error, and therefore no issue for this court to try. The rule of this court requires the errors to be assigned on the record itself, or attached to it. (*Gibbs* v. *Blackwell,* 40 Ill. 51.) In this case the abstract of the record of the Appellate Court contains also what purports to be an abstract of an assignment of error on the decision of the Appellate Court. In this respect the abstract is incorrect, as no assignment of error is found anywhere on the record, or attached to it, or elsewhere. Had the attention of this court been called to the omission to assign errors on the record before the cause was submitted, and while the attorneys might be presumed to be in court, it might have required errors to be assigned instanter, and a failure to do so, would have been ground for dismissing the writ. Since the cause has been submitted, it is now too late to lay any rule upon plaintiffs in error to assign error, and the writ must be dismissed.

*Writ of error dismissed.*

Mr. JUSTICE CRAIG: I do not concur in this decision. The errors were assigned in the abstract, and, in my judgment, that was all that could be required, especially as no objection was interposed to the manner in which errors were assigned, and the cause was argued by both parties, and submitted to us for decision on the merits.

Mr. JUSTICE SHELDON concurs with Mr. JUSTICE CRAIG.