MARY L. M. DITCH *et al.*

*v.*

JOHN S. SENNOTT *et al.*

*Filed at Mt. Vernon January 25, 1886.*

1. ASSIGNMENT OF ERRORS—*upon the record.*    The requirement that upon appeal or error in this court there must be an assignment of errors "written upon or attached to the record," is not a mere matter of form, to be considered waived if not objected to, but one of substance.    The assignment of errors performs the same office in this court that a declaration does in a court of original jurisdiction, and is equally essential in the forming of an issue upon which the court can properly give judgment.

2.    In this case, which was an appeal, at the first term after the appeal was taken the appellee moved to dismiss the appeal upon the ground of a supposed defect in the appeal bond.    That motion was overruled, and, no

further motion being made, the cause was submitted for the consideration of the court upon the briefs and arguments of the respective counsel. On the case coming up for consideration, after the expiration of the term, it was found that the appellee, in his brief, had objected that there was no assignment of errors upon the record. In this way the omission was, for the first time, called to the attention of the court. On examination, the record disclosed the fact, though the appellant, *in his abstract,* did set forth an assignment of errors. But the court dismissed the appeal because there was no assignment of errors "written upon or attached to the record."

3. It was the duty of the counsel for appellees, when he discovered that errors had not been assigned upon the record, to have moved the court to dismiss the appeal for the want thereof, or taken a rule upon appellants to assign error upon the record. It was likewise the duty of appellants' counsel to have made a proper assignment of error in the first instance, and having omitted to do so, when his attention was called to it, he should have applied to the court at the earliest opportunity for leave to assign errors instanter. But at the stage of the cause when the matter came to the attention of the court it was too late to supply the omission.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

Mr. SPENCER TOMPKINS, and Mr. THOMAS QUICK, for the appellants.

Messrs. WINKELMAN & TALBOTT, for the appellees.

Mr. JUSTICE TUNNICLIFF delivered the opinion of the Court:

Counsel for appellees, at the term to which this case was appealed, moved the court to dismiss the appeal because the appeal bond was entered into and filed without security, contrary, as it was claimed, to the requirement of the decree in allowing the appeal. An inspection of the record showed that the bond had been approved by the clerk of the court, and as the court had authorized him to approve the security, the motion to dismiss was overruled. No other motion was made, and the case was submitted on the briefs and arguments of the respective counsel upon each side.

On the case being reached, in conference, for decision, long after the term had expired, we find it objected by coun-

sel for appellees that no errors have been assigned upon the record, our attention being thus called to it for the first time. An examination discloses that such is the case, though counsel for appellants, *in their abstract*, set forth an assignment of errors.

It was the duty of the counsel for appellees, when he discovered that errors had not been assigned upon the record, to have moved the court to dismiss the appeal for the want thereof, or taken a rule upon appellants to assign error upon the record. It was likewise the duty of appellants' counsel to have made the assignment of errors in the first instance, but having, inadvertently, as we suppose, omitted to do so, he should, when his attention was called to it, as it must have been by the brief of counsel for appellees, have applied to the court at the earliest opportunity for leave to assign errors instanter.

Rule 15 of the rules of practice of the court (see 93 Ill. 5,) requires that "the appellant or plaintiff in error shall, in all cases, assign errors at the time of filing his record in this court, and on failing to do so the case may be dismissed. * * * The assignment of errors and cross-errors must be written upon or attached to the record." This rule, so far as this question is concerned, has been in force since the first organization of the court. As to the necessity of this rule being complied with, it was said in *Williston* v. *Fisher,* 28 Ill. 43, in dismissing an appeal because there was no assignment of errors upon or attached to the record: "An assignment of errors in this court performs the same office as a declaration in a court of original jurisdiction. It would be just as regular and proper for the circuit court to render a judgment in a cause where there is no declaration, as for this court to affirm or reverse a judgment where there is no assignment of errors. We should reverse such a judgment rendered in the circuit court, and we should commit the same error to render a judgment here without the necessary

pleading." In *Buckley* v. *Eaton, Jr.* 60 Ill. 252, where there had been no assignment of errors upon the record, and the rule in reference to abstracts had been disregarded, the court declined to consider the case, and affirmed the judgment below. In *Gibbs et al.* v. *Blackwell et al.* 40 Ill. 51, the errors had been assigned upon the abstract and brief instead of the record, and a motion to dismiss was overruled, on condition that the rule requiring an assignment upon the record be at once complied with. The court say: "Where a writ of error is made to operate as a *supersedeas*, inadvertently, without an assignment of errors on the record, the court, upon its attention being called to the omission, will require them to be assigned at once, and in default thereof will dismiss the cause." It has been repeatedly held that no errors would be considered by the court but such as are assigned upon the record. *Gilbert et al.* v. *Maggord*, 1 Scam. 471; *Martin* v. *Russell et al.* 3 id. 343; *Protection Life Ins. Co.* v. *Foote*, 79 Ill. 361; *Hyslop* v. *Finch*, 99 id. 171; *Pittsburg, Ft. Wayne and Chicago Railroad Co.* v. *Reich*, 101 id. 157.

It would seem to follow that the failure to assign errors upon the record is not a mere form that will be considered waived if not objected to, but one of substance, and should the court, for instance, inadvertently reverse a case for an error not assigned, it would feel compelled, on motion, to set aside its judgment.

It is to be regretted that a mistake of this kind should cause so much trouble and delay, but it is too late to correct the error now. As the record is now presented there is no issue for this court to try. Nothing can be done but to dismiss the appeal without prejudice, each party paying his own costs in this court, which is accordingly done.

*Appeal dismissed.*