## Peter W. Anderson

### v.

## Sven O. Olin  et ` al.

*Trust Deed—Foreclosure.*

1. A defendant to a suit in chancery to foreclose a trust deed, duly served with process, who fails through negligence to appear and defend, can not, after sale and time for redemption has passed, ordinarily defeat the title so obtained.

2. In the case presented, a person named owed complainant a sum, covered by notes secured by trust deed; complainant borrowed certain money from the defendant, and as collateral security assigned to him three of said notes. Defendant foreclosed the trust deed; the decree found the amount due upon said notes and the amount due from complainant to defendant; the latter purchased the property at a low figure and in time obtained a good title to the property involved; this court holds that after defendant obtained his deed his title was absolute. That he was no longer pledgee as to the trust deed, but as to the personal liability of the maker of the notes, he remained a pledgee, and that complainant, after paying defendant what is due him, a deficiency decree having been taken against him, may follow such maker for whatever the foreclosure has left unpaid on such notes.

[Opinion filed October 28, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Thomas F. Tipton, Judge, presiding.

Mr. Frank F. Reed, for appellant.

Messrs. Blanke & Chytraus, for Sven O. Olin, appellee.

Mr. Justice Gary. The appellant filed his bill alleging that one Wallenstein, being indebted to him in the sum of $1,245, divided into three notes of $366.66 each, and one of $145, secured by a trust deed in the nature of a mortgage, the appellant borrowed of Olin $266, and as collateral security, assigned to Olin the three first mentioned notes;

that·Olin foreclosed the deed of trust by bill in chancery, to which the appellant was a party, served with process, but to which he did not appear, as he thought it related to something else; that there was a decree of foreclosure finding the amount due from Wallenstein, and the amount due to Olin from the appellant; directing a sale, at which any party to the suit might buy, and the application of the proceeds, first, to the payment to Olin of the amount due to him from the appellant, and the residue to be brought into court; that Olin bid off the land at a low price and took no deficiency decree against Wallenstein but did against the appellant, the bid being less than would pay Olin. There are some loose charges of fraud which need not be noticed. The clause in the decree permitting any party to the suit to buy at the sale, removed all objection, if any there were, to the purchase by Olin, and when the time of redemption had expired, and he obtained his deed, his title was as absolute as would have been that of a stranger. He was no longer pledgee as to the deed of trust by which the Wallenstein notes were secured, but as to the personal obligation of Wallenstein upon the notes, he remains a pledgee, and appellant, by paying Olin what remains due him, may follow Wallenstein for whatever the foreclosure has left unpaid on those notes. The notes are not extinguished, but only to be credited with the net proceeds of the foreclosure.

The effort of the appellant by the present bill to overhaul the decree in the suit to which he was a party, served with process, and which he neglected, must fail. Dyer v. Hopkins, 112 Ill. 168.

The demurrer was rightly sustained and the decree dismissing the bill is affirmed.

*Decree affirmed.*

NOTE.—By stipulation this case was reinstated, after being dismissed April 29, 1892, for want of assignment of errors.