Lang v. Max.

---

Lang v. Max.

| 50 | 165 |
| 55 | 488 |

| 50 | 465 |
| 58 | 275 |

| 50 | 465 |
| 67 | 27 |
| 67 | 114 |

| 50 | 465 |
| 64 | 661 |

| 50 | 465 |
| 77 | 578 |

| 50 | 465 |
| 98 | ²441 |

| 50 | 465 |
| 106 | ¹578 |

1. ASSIGNMENT OF ERROR—*Absence of from the Record.*—An assignment of error in this court performs the same office as a declaration in a court of ordinary jurisdiction, and it would be just as regular and proper for the Circuit Court to render a judgment in a cause where there is no declaration, as for this court to affirm or reverse a judgment where there is no assignment of error.

2. ASSIGNMENT OF ERROR—*Failure to Assign.*—A failure to assign errors upon the record is not a mere form that can be waived, but a matter of substance; nor is it sufficient that errors are set forth in the abstract. No error can be considered except such as has been assigned on the record.

3. ASSIGNMENT OF ERRORS—*Leave to Assign Instanter.*—Where errors are not assigned, the appellant, upon his attention being called to it, may apply for leave to assign errors *instanter*.

4. ASSIGNMENT OF ERRORS—*Waiver.*—Where the appellee expressly insists in his brief upon the point that no errors are assigned upon the record, he does not waive the point by filing his brief.

Memorandum.—Assumpsit. In the Superior Court of Cook County. Declaration and pleas of general issue and set-off; trial by court; finding

and judgment for plaintiff; appeal by plaintiff. Heard in this court at the March term, 1893, and affirmed. Opinion filed April 12, 1893.

The opinion states the case.

M. W. WHITTEMORE and B. H. ETTELSON, attorneys for appellant.

E. A. SHERBURNE, attorney for appellee.

OPINION OF THE COURT, SHEPARD, J.

There is no assignment of errors upon the record of this cause, and hence nothing for this court to act upon.

"An assignment of error in this court performs the same office as a declaration in a court of original jurisdiction," and "it would be just as regular and proper for the Circuit Court to render a judgment in a cause where there is no declaration, as for this court to affirm or reverse a judgment where there is no assignment of errors." Williston v. Fisher, 28 Ill. 43; Conlon v. Manning, 43 Ill. App. 363.

A failure to assign errors upon the record is not a mere form that can be waived but a matter of substance; nor is it sufficient that errors are set forth in the abstract. It has been repeatedly held that no error can be considered except such as have been assigned on the record. Ditch v. Sennott, 116 Ill. 288, and cases there cited; Anderson v. Olin, 46 Ill. App. 283; Wilcox v. Moore, 44 Ill. App. 293; Waixel v. Harrison, 35 Ill. App. 571; Conlon v. Manning, *supra*.

And here there was no waiver; the appellee expressly insists, in his brief, upon the point that no errors have been assigned upon the record.

When the attention of appellant's counsel was called to the fact that no errors were assigned upon the record, by appellee's brief, he might have applied for leave to assign errors *instanter*. Ditch v. Sennott, *supra*; Anderson v. Olin, *supra*. But he did not do so.

Although without power to decide anything in this case because of the absence of a proper assignment of errors upon the record, we have examined the record and briefs on

both sides, sufficiently to enable us to say the appeal seems to be without merit, and, as was said in Sterling v. Strauss, 41 Ill.App. 147, "probably it will not be worth while to bring the case here again."

The appeal will be dismissed at the cost of appellant.