## Leverett B. Sidway, Henry T. Sidway and George M. Bogue v. The American Mortgage Company of Scotland.

1. APPEALS—*From Interlocutory Orders.*—The prayer for and allowance of an appeal from an interlocutory order granting an injunction and appointing a receiver are unnecessary and wholly nugatory. The court has nothing to do with appeals from interlocutory orders.

2. SAME—*From Interlocutory Orders—What they Include.*—Where an order was issued enjoining defendants from collecting notes in their hands belonging to the plaintiff upon which they claimed a lien, and an appeal bond filed by defendants recited an appeal from an order appointing a receiver for the property but said nothing in regard to the injunction, *it was held* that the defendants had acquiesced in the injunction, which prevented them from caring for their own interests or those of the plaintiff in the property, and that under these circumstances the appointment of a receiver was proper.

Bill, for an accounting, an injunction and a receiver. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

ALDRICH, REED, FOSTER & ALLEN, attorneys for appellants L. B. and H. T. Sidway; HAMILTON B. BOGUE, JR., attorney for appellant George M. Bogue.

QUIGG & BENTLEY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
July 30, 1896, the court entered in this cause an interlocutory order, a part of which is as follows:
" It is further ordered that the motion of defendants for a dissolution of the restraining order heretofore granted in this cause, be, and the same is hereby overruled, and said restraining order is continued as an injunction until the further order of this court."
That restraining order appears to have been an order indorsed upon the bill of the appellee as follows :
" To the Clerk of the Circuit Court of Cook County, Illinois :

Let the writ of injunction issue pursuant to the prayer of the foregoing bill of complaint upon the filing by complainant of an injunction bond in the penal sum of $1,000, with surety thereon to be approved by the clerk of this court.

O. H. HORTON, Judge."

That order was followed by a formal writ of injunction, *inter alia*, restraining the appellants from "selling, incumbering or otherwise disposing of any books, papers, moneys or other property of any nature or kind to which, or to the benefit of which the 'appellee' is equitably entitled."

Another part of the order of July 30, 1896, was as follows :

"Now, therefore, it is ordered and decreed that Arthur Young, of the city of Chicago, county of Cook and State of Illinois, be and is .hereby appointed receiver of all the papers, books, moneys and other property aforesaid, which were, at the date of the filing of the bill of complaint herein, within the possession or control of the defendants herein, and that said receiver collect in and hold all moneys due, or hereafter becoming due, on account of any such property, and manage and control such property and deal with the same according to the further order of this court, and generally have and exercise in the premises the usual powers and functions of a receiver in chancery.

And it is further ordered and decreed that the defendants herein, Leverett B. Sidway and H. T. Sidway, upon the entry of this order, and the service of a copy thereof upon them, immediately surrender and deliver over the possession, control and custody of all the aforesaid papers, books, money and other property to which, or to the benefit of which, the complainant herein may be beneficially entitled."

The record of July 30, 1896, containing those orders, closes as follows :

"And thereupon the defendants pray an appeal from the foregoing order appointing a receiver and also from the order continuing said restraining order as aforesaid, which

appeal is allowed upon condition that defendants file their appeal bond, to be approved by the clerk of this court, in the penal sum of two hundred and fifty (250) dollars, conditioned according to law within twenty (20) days from and after the date of the entry of this order."

This prayer and allowance of an appeal are wholly nugatory. The court has nothing to do with appeals from interlocutory orders. This is fully treated in Alles Plumbing Co. v. Alles, No. 6443, filed November 5, 1896.

August 3, 1896, Leverett B. Sidway, one of the three defendants in the bill, did file with the clerk of the Circuit Court a bond which the clerk approved, reciting an appeal by said Leverett B. from a judgment against him, "wherein a receiver was appointed of certain effects in his possession belonging to said company," so that, as to him, there is an appeal from the order appointing a receiver. There is no appeal that touches the injunction, and it is now too late to effect one. It can not be taken before the clerk for the thirty days in which it might have been taken have expired; it can not be done here by amendment, for there is nothing here relating to any such appeal, to be amended. Tedrick v. Wells, 152 Ill. 214.

The bill herein was filed by the appellee, whose business for many years has been lending money upon mortgage securities in the United States. The appellants have been the agents of the company, and as such, have in their hands securities taken for such loans, and other assets belonging to said company. A dispute has arisen between the parties as to which is indebted to the other, and the only claim the defendants below made to the possession of the assets in controversy was, that they had a lien upon those assets for the balance due to the defendants. If they have such lien, it is preserved by a part of the order not quoted.

Money becoming due on the securities can not be collected without surrender of the securities.

It is necessary that somebody should have the power to so collect and surrender.

The defendants below have submitted to an injunction

which prevents them from so collecting and surrendering. Such submission waives all objection to the injunction, so that it is not now a pertinent question whether any valid objection to it ever existed. It stands as a rightful exercise of the jurisdiction of the Circuit Court.

Then it follows, of course, that as the defendants below can not take care of the interests of the complainants, the court should put in a receiver who can.

Errors are assigned on the record here by all three of the defendants below upon the orders as to both injunction and receiver. Nothing as to the injunction is before us, and whether an assignment of error as to the receiver, joined in by two who did not appeal, is available for the one who did, is a question which we need not consider; but it would seem that as an assignment of error in this court stands in the place of a declaration below (Lang v. Max, 50 Ill. App. 465), such a misjoinder would be fatal. 2 Ency. Pl. & Pr. 933.

We affirm the order appointing a receiver, because in the condition to which the case has got below, a receiver is necessary.

The appellee will recover costs here.