## Jesse French Piano and Organ Co. v. John Meehan.

1. APPELLATE COURT PRACTICE—*Office of the Assignment of Errors.*— An assignment of errors in the Appellate Court performs the same office as a declaration in a court of record of original jurisdiction. It would be as regular and proper for a Circuit Court to render judgment in a case where there is no declaration, as for the Appellate Court to reverse a judgment where there is no assignment of errors.

2. SAME—*Failure to Assign Errors.*—The failure to assign errors upon the record is not a mere form that will be considered waived if not objected to, but one of substance.

Replevin.—Trial in the Circuit Court of Madison County; the Hon. MARTIN W. SCHAEFFER, Judge, presiding; finding and judgment for plaintiff; appeal by defendant. Heard in this court at the February term, 1898. Affirmed for a failure to assign errors upon the record. Opinion filed August 31, 1898.

SILAS COOK, attorney for appellant.

BURROUGHS & BROTHER, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of replevin by appellant against appellee to recover a piano. This suit was commenced before a justice of the peace in Madison county and appealed to the Circuit Court, where a jury was waived and the cause tried by the court by agreement, resulting in a finding and judgment for appellee.

Appellant brings the case to this court, but fails to assign error.

"An assignment of errors in this court performs the same office as a declaration in a court of record or original jurisdiction. It would be as regular and proper for a Circuit Court to render judgment in a case where there is no declaration, as for this court to affirm or reverse a judgment where there is no assignment of error." Williston v. Fisher, 28 Ill. 43; Conlon v. Manning, 43 Ill. App. 363.

" The failure to assign errors upon the record is not a mere form that will be considered waived if not objected to, but one of substance; and should the court, for instance, inadvertently reverse for error not assigned, it would feel compelled on motion to set aside its judgment." Ditch et al. v. Sennott et al., 116 Ill. 288; Lang v. Max, 50 Ill. App. 465.

The appeal will be dismissed at costs of appellant. Appeal dismissed.