## City of Danville v. Abram Bolton, for the use of, etc.

1. APPELLATE COURT PRACTICE—*Question of Excessive Damages To Be Raised in the Trial Court.*—If an appellant does not claim in his notice for a new trial in the court below that the damages awarded are excessive he will not be heard to raise the question in the Appellate Court.

2. SAME—*The Question of Excessive Damages Must be Assigned for Error.*—When the question of excessive damages is not assigned for error, an appellant is not in a position to urge in the Appellate Court that the judgment should be reversed for any error in that respect.

3. DAMAGES—*Where $225 is Not Excessive.*—Where the street in front of the plaintiff's lot was cut down by the city and the evidence showed that it was damaged from nothing to $400, the question of the amount of such damages being one of fact for the jury, it was their province to reconcile the evidence and determine the amount of such damages; a verdict for $225 will not be disturbed on the ground of its being excessive.

Trespass on the Case, for damage to city lots by cutting down the grade of a street. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

J. H. LEWMAN, attorney for appellant.

G. W. SALMANS and FRED DRAPER, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

Appellee, as owner of lot 10 in George W. Abdill's first addition to the city of Danville, Illinois, sued said city (the appellant) in the Circuit Court of Vermilion County, in an action on the case to recover damages alleged to have been occasioned to him by reason of the city having cut down the surface of McKinley avenue, upon which said lot fronted. The case was tried by jury and resulted in a verdict and judgment in favor of appellee for $225 damages. The city moved for a new trial, alleging as grounds therefor, that the verdict was contrary to the law and evidence, and against the law and evidence; that the court admitted

improper evidence on behalf of the plaintiff (appellee), and refused to admit proper testimony offered by defendant (appellant); but it was overruled and the city preserved an exception. The city prosecutes this appeal to obtain a reversal of the judgment and has assigned and argues for error that the damages awarded are excessive, and that the court admitted improper evidence; and without assigning as error, argues that the court gave improper instructions at the instance of appellee.

Inasmuch as the city did not claim in its motion for a new trial in the court below that the damages awarded are excessive, nor in said motion or in the errors assigned, that the court gave improper instructions, it is not in a position to urge in this court that the judgment should be reversed, for any error in that respect. Ditch et al. v. Sennett et al., 116 Ill. 288. But even if it was, the evidence shows that in the opinion of witnesses shown to be conversant with the lot and the extent to which the surface of the street was cut down in front of appellee's lot, the damages occasioned thereby to the lot, were from nothing to $400, and it being a question of fact as to the amount of such damages, it was their peculiar province to reconcile and determine that fact, and their verdict of $225 being within the extremes, will not be disturbed on the ground of being excessive.

There was some conflict in the evidence as to how much the street was cut down in front of appellee's lot after he purchased it in 1898, and before suit brought, and how much of it was cut down prior to 1898, and before appellee purchased it. Appellee himself and other witnesses in his behalf, testified that it was cut down from two and one-half to four and one-half feet since 1898, and the court, where the witnesses knew how much the street had been cut down altogether but did not know how much had been done before and how much after appellee purchased it, over the objection of counsel for appellant, permitted them to give their opinion as to how much the lot was damaged, assuming that the street was cut down from two and one-half to four and one-half feet after appellant purchased it. And that ruling of the court is now claimed to be erroneous.

But we are of opinion that the court properly admitted the testimony for the reason that there was testimony tending to show that the street had been cut down that much after appellee purchased the lot, and he was entitled to have the jury hear the opinion of witnesses as to the damages done it by cutting the street down that much after appellee purchased it. And if the jury, from all the evidence, should be of opinion that the street had been cut down after appellee purchased it, to the extent claimed by appellee and his witnesses, then they would have that testimony to guide them in arriving at the amount appellee should be allowed therefor.

The court, over the objections of counsel for appellant, also permitted appellee to show that in cutting down the street, an encroachment was made of some two or more feet upon appellee's lot, and that ruling of the court is urged as being erroneous upon the ground that the cutting down of the street and the encroachment, if any, was done by one Palmer, for the city, and he and not the city is liable to appellant for the encroachment.

But while the evidence does show that Palmer did the actual work of cutting down the street and the encroachment, if any, yet it also shows that he did it under the immediate directions and control of the officers of the city, and that they directed how much cutting down should be done, and where; so for that reason the court properly admitted this testimony also.

We have read and carefully considered all the evidence in this record, and the rulings of the court upon it, as also the given instructions of which counsel for appellant complain, and are satisfied that the damages awarded are not excessive, and that the court committed no prejudicial errors against appellant in any of his rulings upon the evidence or instructions; therefore the judgment ought to be, and will be affirmed.