## Charles E. Cessna et al. v. Otis M. Benedict.

1. APPELLATE COURT PRACTICE—*Assignments of Error Necessary.*— In a case on appeal in the Appellate Court, where there are no errors assigned, as required by the rules, there is nothing before the court for consideration.

2. WAIVER—*Of a Demurrer in Chancery Suits.*—In a chancery proceeding, where there is a demurrer on file and the attention of the trial court is not called to it during the pendency of the case in the court below, the demurrer must be considered as waived.

3. ASSIGNMENTS OF ERROR—*Are Essential.*—The assignment of error is not a form, but is essential.

Bill in Chancery.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 26, 1901.

A. S. ROBERTSON, WILLIAM S. NEWBURGER and EDWARD I. BUCKLIN, attorneys for appellants.

HORNSTEIN & COITH, attorneys for appellee.

OPINION PER CURIAM.

This is an appeal from a chancery decree. The principal

objections seem to be, first, that the evidence did not war-rant the finding that the transactions between appellant Cessna and appellee, were in the nature of an open account, upon which appellee charged and received usurious interest, and the finding that the entire debt had been in fact paid; second, that there was a demurrer still pending and undis-posed of when the cause was referred to the master and when the final decree was entered; third, that the decree includes in the judgment for costs the fees of the master and his stenographer, and is excessive; fourth, that appel-lant Card, to whom notes in controversy were transferred by Cessna, was not an innocent purchaser thereof.

There are no assignments of error, and there is therefore nothing before this court for consideration. If, however, we were at liberty to consider the points made in the briefs, we should be compelled to conclude that the finding of facts by the court was warranted by the evidence; that the demurrer was waived; that the question as to the master's charges was not raised in the trial court; and that the evi-dence justified the conclusion that appellant Card was not an innocent purchaser for value.

Assignments of error are not a mere form, but are essen-tial. Ditch v. Sinnott, 116 Ill. 288; Taylor v. Wright, 121 Ill. 455–468; Lang v. Max, 50 Ill. App. 465; French v. Meehan, 77 Ill. App. 577.

The judgment of the Circuit Court must be affirmed.