Marsh v. Jones.

## Louis Marsh v. Myrtle May Jones.

1. PLEADING—*Assignment of Error Is.*—An assignment of errors is in effect a pleading. and performs the same office as a declaration in a court of original jurisdiction.

2. APPELLATE COURT PRACTICE—*Assignment of Errors Should Be Found in Abstract of the Record.*—The assignment of errors should be found in the abstract of the record, which should present whatever a reviewing court is asked to examine.

3. SAME—*Where Abstract is Incomplete.*—Where there is a failure to supply a full and complete abstract, as required by the rule of this court, the judgment should be affirmed.

Certiorari.—Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

Appellant obtained a judgment against David B. Casebeer before a justice, for $75 and costs.

An execution was issued and levied upon certain articles

of personal property which were claimed by appellee. Notice was served on the constable, and a trial of the rights of property followed, in which part of the property was held to belong to appellee and part to Casebeer.

Appellee took the case by certiorari to the Circuit Court, where she recovered all the property. Plaintiff in execution brings this appeal.

FRANK B. HANNA and TURNER & HOLDER, attorneys for appellant.

WINKELMAN & BAER, attorneys for appellee; JESSE W. BLYTHE, of counsel.

OPINION PER CURIAM.

Counsel for appellant insist that the abstract is incomplete, and that for a failure to supply a full and complete abstract, as required by the rule of this court, the judgment should be affirmed.

The abstract does not show an assignment of errors, nor what judgment was rendered on the verdict.

An assignment of errors is in effect a pleading, and performs the same office as a declaration in a court of original action. Bernard Conlon, for use, etc., v. Patrick Manning, 43 Ill. App. 363; Lang v. Max, 50 Ill. App. 466; Jesse French Piano and Organ Co. v. John Meehan, 77 Ill. App. 577.

It should be found in the abstract, which should present whatever a reviewing court is asked to examine. Traeger v. Mutual Building Association, 189 Ill. 314; Staude v. Schumacher, 187 Ill. 187; Douglass v. Miller, 102 Ill. App. 346.

The abstract states, "thereupon the court rendered judgment upon the verdict." To which action and decision of the court, in rendering judgment on the verdict, the defendant, Louis Marsh, by his counsel, then and there excepted.

This statement gives no information as to what judgment was rendered. It might as well, as far as information is concerned, have said simply, "judgment rendered."

Such a reference is not a compliance with the rule requiring a full and complete abstract. Flaningham v. Hogue, 59 Ill. App. 318; Amundson Printing Co. v. Empire Paper Co., 83 Ill. App. 441.

In this latter case it is said, "Sometimes the courts have turned to the records, where the abstracts have been deficient, but, we believe, never to reverse a judgment—only when it has been thought advisable to give other reasons for affirming it."

The duty of appellants to furnish full and complete abstracts has been so often affirmed by both the Supreme and Appellate Courts that citations are unnecessary.

From an examination of the record, involving the equities of the case, we think it is a proper case for the enforcement of the rule.

The judgment of the Circuit Court is affirmed.