### Allen Barker v. Henry Smith.

1. ASSIGNMENT OF ERRORS—*effect of absence of.* Assignment of errors upon the record is not a mere matter of form to be considered waived, if not objected to; it is a matter of substance, and in the absence of an assignment of errors a review cannot be had upon appeal.

Action commenced before justice of the peace. Appeal from the County Court of Hamilton County; the Hon. CHARLES B. THOMAS, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

A. M. WILSON and M. E. BUCK, for appellant.

WEBB & LANE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a trial of the rights of property originating before a justice of the peace of Hamilton county. There was a judgment before the justice in favor of appellee and an appeal taken by the appellant here, to the County Court. That court, upon motion of appellee, dismissed the appeal and appellant brought the case to this court, where the judgment of the County Court was reversed and the cause remanded. Barker v. Smith, 90 Ill. App. 595. The case was afterwards tried upon its merits before a jury in the County Court and the result was again favorable to appellee. A careful examination of the record filed in this court fails to disclose any assignment of errors. It has been repeatedly held that the failure to assign errors upon the record is not a mere matter of form, to be considered waived if not objected to, but one of substance. Ætna Life Ins. Co. v. Sanford, 197 Ill. 310; Davis v. Lang, 153 Ill. 175; Ditch v. Sennott, 116 Ill. 288; Baldwin v. Schwall, 106 Ill. App. 16; Cessna v. Benedict, 98 Ill. App. 440; Jesse French Piano and Organ Co. v. Meehan, 77 Ill. App. 577. By reason of the failure of appellant to assign errors upon the record there is nothing before us for our consideration and therefore the judgment must be affirmed or the appeal dismissed.

We have, however, examined the record submitted to us notwithstanding the want of an assignment of errors, and are of the opinion that the merits of the case are with the appellee and that the judgment of the court below should be affirmed.

*Affirmed.*