### Michael W. Brown v. Charles L. Otrich, trustee, etc.

1. ABSTRACT—*when not sufficient for review.* When the abstract filed on appeal does not disclose any errors assigned upon the record, nothing is presented for review.

Action of assumpsit. Error to the County Court of Union County; the Hon. MONROE C. CRAWFORD, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

TAYLOR DODD, for plaintiff in error.

H. F. BUSSEY and A. J. PICKRELL, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court

This was a suit in assumpsit by defendant in error against plaintiff in error, in the County Court of Union county, to recover judgment on two promissory notes, executed by plaintiff in error to Serena A. Brown. Trial by jury. Verdict and judgment in favor of defendant in error for $367.50.

The notes in controversy were executed and delivered by plaintiff in error, to Serena A. Brown, February 25, 1901; on June 15, 1901, a petition in bankruptcy was filed in the United States Court for the Southern District of Illinois against Serena A. Brown by twelve of her creditors. On September 2, 1901, she was adjudged a bankrupt, and Charles L. Otrich, defendant in error, was appointed trustee in bankruptcy of her estate, whereby the notes in suit here came into his hands, as assets of said bankrupt's estate. No defense is attempted to be interposed to the merits, but it appears from the record that plaintiff in error sought, by certain pleas, exceptions and proffered instructions, to raise some question as to the jurisdiction of the Federal Court to render the judgment of bankruptcy and appoint the trustee.

So far as the abstract of the record furnished us by plaintiff in error discloses, the questions raised and sought to be raised by him in the trial court, were purely technical and without merit.

The abstract does not disclose any errors assigned upon the record. In such state of case and upon such state of record, we are not required to write at length in a case. "An assignment of errors is in effect a pleading, and performs the same office as a declaration in a court of original jurisdiction." Marsh v. Jones, 106 Ill. App. 577; Conlon,

use etc. v. Manning, 43 Ill. App. 363; Lang v. Max, 50 Ill. App. 466; Jesse French Piano & Organ Co. v. Meehan, 77 Ill. App. 577. Such errors as are relied upon should not only be assigned on the record, but should be brought forward into the abstract, which should present whatever a reviewing court is asked to examine. Marsh v. Jones, 106 Ill. App. 577; Gibler v. City of Mattoon, 167 Ill. 18; Staude v. Schumacher, 187 Ill. 187; Traeger v. Mutual Building Ass'n, 189 Ill. 314; Douglass v. Miller, 102 Ill. App. 345.

The judgment of the County Court is affirmed.

*Affirmed.*