## Louis Maroni et al. v. Anna Paitson.

1. ASSIGNMENT OF ERRORS—*function of.* The assignment of errors upon the record in the Appellate Court performs the same office as a declaration in a court of original jurisdiction.

Action under Dram-Shop Act. Appeal from the Circuit Court of Williamson county; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

M. R. HARRIS, for appellants; W. C. S. RHEA, of counsel.

D. T. HARTWELL and EDWARD M. SPILLER, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action based on section 9 of the Dram-Shop Act, by appellee against appellants, to recover damages for injury to her means of support caused by the death of her husband in consequence of his intoxication caused by intoxicating liquors sold him by appellants. Trial by jury. Verdict and judgment in favor of appellee for $1,000.

The declaration is in the usual form for such cases, and the defendant pleaded the general issue.

The evidence tends to prove every material allegation of the declaration, and the case appears to be in every respect a complete and meritorious case.

Counsel for appellant claim in their brief and argument that the trial judge made a number of mistakes in his rulings concerning the admission and rejection

of evidence and the giving and refusing of instructions. However this may be, we are powerless to review them, for the reason that "no errors are assigned upon the record or attached thereto."

An assignment of errors upon the record in this court performs the same office as a declaration in a court of record of original jurisdiction. It would be as regular and proper for a circuit court to render judgment on a case where there is no declaration, as for this court to reverse a judgment where there is no assignment of error.

"The failure to assign errors upon the record is not a mere form that will be considered waived if not objected to, but one of substance." Jesse French Piano and Organ Company v. Meehan, 77 Ill. App. 577; Conlon v. Manning, 43 Ill. App. 363; Rosin v. Wilde, 80 Ill. App. 58; Nortman v. Samouski, 85 Ill. App. 353; Marsh v. Jones, 106 Ill. App. 577. "It is not enough to say that in such cases the earlier practice to dismiss the appeal should be followed instead of affirming the judgment. The latest authority is to affirm." Rosin v. Wilde, 80 Ill. App. 58; Lancaster v. W. & S. Ry. Co., 132 Ill. 492.

The judgment of the Circuit Court is affirmed.

*Affirmed.*