## E. C. Haagen et al. v. Globe Printing Company.

1. BILL OF EXCEPTIONS—*effect where, does not purport to contain all the evidence.* If the bill of exceptions does not purport to contain all the evidence, it will be presumed that the trial court found the facts correctly.

2. ASSIGNMENT OF ERRORS—*effect of absence of.* No review will be undertaken where no errors have been assigned, and this notwithstanding their absence has not been pointed out by counsel for the appellee.

Action of debt. Appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

C. W. TERRY, for appellants.

W. P. EARLY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

In this case appellee brought suit in an action of debt, against appellants, setting out in its declaration a written statement or agreement, signed by one Victor E. Harlow, dated at Alton, Illinois, August 1, 1903, by which Harlow undertook to act as news dealer and circulator in Alton, Madison county, Illinois, for the St. Louis Globe-Democrat, published by the Globe Printing Company, of St. Louis, Missouri, for at least six months from date, to pay all bills by the tenth of each month for papers furnished during the preceding month, no unsold copies of the paper to be returned, to deliver papers to subscribers promptly on arrival each day, and upon the termination of the agreement, from violation of its terms or otherwise, to furnish the Globe Printing Company a full list of all subscribers to the Globe-Democrat. The declaration also set out a certain bond dated at Alton, Illinois, August 11, 1903,

and signed by appellants, E. C. Haagen and J. V. E. Marsh, by which they undertook to become individually and jointly responsible to appellee, for whatever amount might become due it for papers furnished by it from time to time to said Harlow in Alton, Madison county, Illinois, provided the amount was not settled by Harlow according to the terms of the agreement above mentioned; also to be responsible for any loss or damage sustained by appellee on account of any violation of said agreement on the part of said Harlow. The declaration further avers that in accordance with said agreement appellee furnished papers to said Harlow up to March 10, 1904, amounting to the sum of $327.22, which amount was due and payable on said date by the terms of said agreement; that payment of said sum of money was not made by Harlow according to the terms of the agreement, although repeated demands were made upon him for payment of said amount.

To this declaration appellants filed a plea of *non debet* and also certain special pleas, setting up that appellee was a foreign corporation, organized under the laws of Missouri, doing business for gain, and was, at and before the filing of the suit, doing business in Illinois and had not complied with any of the requirements of the laws relating to foreign corporations doing business in the State of Illinois; that appellee was a corporation organized for pecuniary profit and not a railroad or telegraph company, nor in the business of insurance, banking or loaning money. A jury was waived and a trial had before the court, which resulted in a judgment in favor of appellee for $318.77, from which an appeal was taken to this court by the defendants below.

Appellants seek by their argument to raise questions of law and fact, which they insist demand a reversal of the judgment. At the commencement of our investigation of the record, however, we are met by the fact that the bill of exceptions does not purport to contain all the evidence in the case. The court below must,

therefore, be presumed to have found the facts correctly, and such finding cannot be examined into or questioned in this court. C., R. I. & P. Ry. Co. v. Calumet, 151 Ill. 512; Hermann v. Pardridge, 79 id. 471; Kern v. Strasberger, 71 id. 303; Rich v. Hathaway, 18 id. 548.

A still more serious matter, however, is the entire absence of any assignment of errors upon the record. Where there is no assignment of errors there is nothing for a reviewing court to consider. Cessna v. Benedict, 98 Ill. App. 440; Lancaster v. W. & S. W. Ry. Co., 132 Ill. 492.

It is true that appellee in this case does not raise the question of the failure of appellants to assign errors upon the record, but that is immaterial, as an assignment of errors is not a mere matter of form to be considered waived if not objected to, but one of substance, and its absence cannot be ignored by the reviewing court, even though it should appear, as it does in this case, that an assignment of errors is set forth in appellants' abstract. Aetna Life Insurance Company v. Sanford, 197 Ill. 310; Ditch v. Sennott, 116 id. 288; Davis v. Lang, 153 id. 175; Williston v. Fisher, 28 id. 43.

We have, however, examined the record and briefs filed in this case, and if we were at liberty to pass upon the questions raised by appellants, we would be constrained to affirm the case upon its merits.

The judgment of the court below will be affirmed.

*Affirmed.*