## P. W. Rose, Appellant, v. Arch Rock Camp, Modern Woodmen of America, Appellee.

1. APPEALS AND ERRORS—*when bill of exceptions insufficient.* A bill of exceptions is insufficient which is not certified or signed by the trial judge. An alleged certificate and signature of the judge attached to the record following the clerk's certificate, does not cure the irregularity.

2. APPEALS AND ERRORS—*how transcript should be certified.* The clerk's certificate to the transcript should be appended at the conclusion thereof; such certificate is the last necessity to a proper transcript.

3. APPEALS AND ERRORS—*what essential to save for review find-ing of court, etc.* If a party desires to have the finding of the trial court on the evidence and its refusal of a new trial considered by the Appellate Court, he must, by bill of exceptions, show the motion for a new trial, its refusal by the court and exceptions to the ruling. It is not sufficient that the transcript of the record as made by the clerk shows such motion, its disposition and an exception.

4. APPEALS AND ERRORS—*effect of insufficient transcript.* An abstract which is no more than a mere index as to the judgment of the court, the verdict of the jury, etc., is not a compliance with the rules of the Fourth District, and the insufficiency thereof is ground for a *pro forma* affirmance.

Action commenced before justice of the peace. Appeal from the Circuit Court of Johnson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911. Rehearing denied May 16, 1911.

O. R. MORGAN and MANSFIELD, COWAN and BOULWARE, for appellant.

SPANN & SPANN, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This case originated before a justice of the peace. On appeal and a jury trial in the Circuit Court judgment was rendered against appellant, P. W. Rose, and in favor of appellee for costs of suit, after the court had directed a verdict in favor of the defendant upon the ground that the alleged contract between plaintiff and defendant was a gambling contract. The record shows that on August 22, 1908, appellant made a proposition to appellee at its lodge hall in Cypress, Illinois, that he would put his check for $25 in the hands of one Charles Tanner, a member of said lodge, to pay the expenses of an investigation of the records and accounts of W. J. Holshouser, banker, and Dr. F. S. Smith, clerk of appellee, if they were not found short, provided the said lodge would cause said in-

vestigation to be made and bear the expenses of said investigation if a sufficient shortage was found therefor and would pay to appellant ten per cent of whatever shortage was found, if any. The lodge by vote accepted this proposition. On such investigation being had, Holshouser, banker, was found short $141.30; and Smith, clerk, was found short $44. This suit was for the $18.53, or ten per cent commission, claimed by appellant on said shortage.

The contentions of the appellant are that said contract was valid and binding, and that it was not a wager; and that the court erred in holding it to be a wager, and in instructing the jury to return a verdict in favor of appellee, and in its rulings on the admissibility of certain evidence.

We are very sorry that we are unable to dispose of these matters on their merits. Appellee has called our attention to the fact that there was no proper bill of exceptions transcribed and certified in this cause. The trial judge's signature is a necessary part of every bill of exceptions. The bill of exceptions in the record as certified to by the clerk is not certified or signed by the trial judge, although an alleged certificate and signature of the judge is attached to the record following the clerk's certificate. The judge's certificate is not certified as any portion of, or certificate to, the bill of exceptions. Not until the bill of exceptions is timely signed by the trial judge and filed in the lower court, does it legally become a part of the record of the cause. We cannot properly accept here anything that is merely attached to the transcript of the record as part thereof, and not certified to by the clerk of the trial court. If we could there would be no use or necessity for a clerk's certificate at all. Rule 9 of this court specifically gives the proper order and contents of a transcript of the record to be sent up here by the clerk, to-wit: "First—A copy of the process; Second—The pleadings of the parties, re-

spectively; Third—The verdict in jury trials; Fourth—
The judgment of the court below, whether tried by
the court or jury; Fifth—All other orders in the same
cause made by the court; Sixth—The bill of excep-
tions; and Seventh—The appeal bond in cases of
appeal.'' And by way of further explanation we now
say that the clerk's proper certificate is the eighth
or last necessity to every proper transcript of a record
to be sent up to this court; and the certificate is no
part of the record, but is the only proper proof to us
as to the contents of the record and should always
follow the whole record so proved. There are other
fatal defects to the alleged bill of exceptions found in
this record. It is said in the abstract that the bill of
exceptions begins on page 15 of the record. Page 15
of the record is headed, ''Bill of Exceptions.'' Ap-
pellant's motions for new trial and in arrest of judg-
ment are found on pages 12 and 13 of the record, and
are nowhere found in the bill of exceptions, and no
exceptions are found in the bill of exceptions to the
overruling of these motions by the court. If a party
desires to have the finding of the trial court on the
evidence, and its refusal of a new trial, considered
by an Appellate Court, he must, by bill of exceptions,
show the motion for a new trial, its refusal by the
court, and exceptions to the ruling. It is not sufficient
that the transcript of the record, as made by the clerk,
shows such motion, its disposition, and an exception.
The Firemen's Ins. Co. v. Peck, 126 Ill. 493; Knott
v. Swannell, 91 Ill. 25; James v. Dexter, 113 Ill. 654;
Reichwald v. Gaylord, 73 Ill. 503; Daniels v. Shields,
38 Ill. 197.

Another ground for affirming the judgment below in
this case is that the abstract fails to comply with rules
23 and 27 of this court. Brown v. Otrich, 119 Ill.
App. 136. The abstract is no more than a mere index
as to the judgment of the court, the verdict of the
jury, the motion for a new trial, the motion in arrest

of judgment, and the exceptions thereto, the instructions of the court to the jury, and the assignment of errors. The abstract gives no sort of information as to the said portions of the record, but merely cites us to the record for such information. The abstract is not indexed as required. The index found in the abstract is only an index to the record.

An examination of the rules of this court and a study of the proper contents of a bill of exceptions by the attorneys who bring up cases here for review, ought certainly to avoid placing this court in the embarrassing situation that we now find ourselves. For the reasons above given we are compelled to affirm the judgment of the lower court *pro forma,* and it is accordingly affirmed.

*Affirmed.*