## McAllister & Schroeder, Appellees, v. Weber Motor Car Company, Appellant.

1. APPEAL AND ERROR—*effect of failure to assign errors on record.* Noncompliance with Rule 15 of the Appellate Court for the fourth district providing that the assignment of errors and cross-errors must be written on, or attached to the record, leaves no issue for the court to try, and the appearance of the assignment of errors in the abstract alone will not suffice.

2. APPEAL AND ERROR—*right to assign errors on record after submission.* After a cause is finally submitted to the Appellate Court, it is too late for the appellant to obtain leave to assign errors on the record which it had neglected to write or attach to the record before submission, or for the court to require it done and the appeal must be dismissed.

Appeal by plaintiff from the Circuit Court of Clinton county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1926. Appeal dismissed. Opinion filed February 19, 1927.

C. A. MCNEILL and CASE, VOYLES & STEMMLER, for appellant.

MURRAY & NIEHOFF, for appellees.

PER CURIAM.

Rule 15 of this court provides that the assignment of errors and cross-errors must be written upon or attached to the record. In the case at bar, no assignment of errors has been written upon or attached to the record.

The requirement that, upon appeal or writ of error, there must be an assignment of errors written upon or attached to the record is not a mere matter of form to be considered waived if not objected to, but one of substance. The assignment of errors performs the same office in this court that a declaration does in a court of original jurisdiction, and is equally essential

in the forming of an issue upon which the court can properly give judgment. *Ditch v. Sennott,* 116 Ill. 288; *Aetna Life Ins. Co. v. Sanford,* 197 Ill. 310.

It is not sufficient that the abstract of the record shows an assignment of errors which is not written upon or attached to the record. *Ditch v. Sennott, supra; Benneson v. Savage,* 119 Ill. 135; *Metropolitan Life Ins. Co. v. People,* 205 Ill. 370. No errors having been assigned on the record, there is and can be no joinder in error, and therefore no issue for this court to try. *Benneson v. Savage, supra.*

The cause having been submitted for final determination, it is too late now for appellant to obtain leave to assign errors upon the record or for the court to require it to do so. *Ditch v. Sennott, supra; Benneson v. Savage, supra.* The failure to assign errors on the record necessitates a dismissal of the appeal even though alleged errors are argued in the briefs. *Voges v. Davison,* 306 Ill. 357.

This court has frequently called attention to the fact that it is essential that the assignment of errors must be written upon or attached to the record, and unless it is there is nothing for this court to consider. *Maroni v. Paitson,* 128 Ill. App. 205; *Haagen v. Globe Printing Co.,* 128 Ill. App. 307. It is unnecessary to cite other cases. The appeal is dismissed at appellant's costs.

*Appeal dismissed.*