Willard C. Lindsay and Leslie P. Green, Appellants, v. Goodwin Garst, trading as Garst Manufacturing Company, Appellee.

**Gen. No. 33,396.**

Opinion filed April 17, 1929.

B. M. Shaffner, for appellants.

Rosenthal, Hamill & Wormser, for appellee; Willard L. King, Herman L. Ellsworth and Sidney L. Robin, of counsel.

Mr. Justice Wilson delivered the opinion of the court.

This is an interlocutory appeal from an order entered in the circuit court January 26, 1929. A motion to dismiss the appeal on the ground that the order from which the appeal was prayed was not an appealable order, was reserved to the hearing. An examination of this order discloses the fact that its effect was to dissolve an injunction, in part, as to Goodwin Garst, defendant and cross-complainant, and to modify an injunctional order entered July 11, 1928, as to Lindsay and Green, complainant and cross-defendants.

Chapter 110, paragraph 122, Cahill's Ill. Revised Statutes of 1927, provides that an appeal may be taken from any interlocutory order or decree entered in any suit pending in any court in this State, from an order (a) granting an injunction; (b) overruling a motion to dissolve an injunction; (c) enlarging the scope of an injunctional order; and (d) appointing a receiver or giving other or further powers or property to a receiver already appointed.

An examination of the order appealed from in this cause discloses the fact that it does not come within any of the classes of interlocutory orders from which an appeal may be taken under the foregoing legislative enactments. It is insisted, however, on behalf of the complainant that the order appealed from was an order of February 1, 1929, and that the recital in the bond of the order of January 26, 1929, was an error.

The order of February 1, 1929, was an order denying a motion to dissolve an injunction entered July 11, 1928, over six months prior thereto. The act referred to provides that an appeal from an interlocutory order, as described in said act, shall be taken within 30 days from the entry of such interlocutory order or decree and perfected in the Appellate Court within 60 days from the entry of such order or decree.

The statute having provided for such appeals and fixing the time and conditions, it necessarily follows that it must be strictly construed. There is no bond before us providing for an appeal from any order other than that of January 26, 1929. An examination of the record shows and the counter-suggestions filed herein admit that such is the case.

The bond cannot be amended so as to be effective as to the order of February 1, 1929, because there is nothing in the bond relating to any such order. The statute expressly provides as to the time and manner of its filing and it is not ambiguous, and an amendment would be, in effect, permitting the filing of a new bond, which would be contrary to the spirit of the statute. *Sidway v. American Mortg. Co. of Scotland,* 67 Ill. App. 24.

That it was the purpose of the complainants to appeal from this particular order is evidenced by the fact that it is set out *in haec verba* in the abstract. We find no order in the abstract which purports to have been entered on February 1, 1929. There is a short reference to an order denying a motion to dissolve an injunction pending against Lindsay and Green, but the date does not appear in the abstract nor is the order set out in full.

For the reasons stated in this opinion, the motion of the defendant and cross-complainant to dismiss the appeal is allowed and the appeal is dismissed.

*Appeal dismissed.*

HOLDOM, P. J., and RYNER, J., concur.