**E. W. Dressor, Appellee, v. Charles Baldwin et al., Appellants.**

Opinion filed March 1, 1941.

O. C. SMITH, of Benton, for appellants.

CURTIS E. SMITH, of Benton, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

Suit was commenced in 1935, in the circuit court of Franklin county to foreclose a mortgage, brought by E. W. Dressor, appellee, hereinafter designated as plaintiff, who was the mortgagee, against Charles Baldwin, appellant, hereinafter designated as defendant, and Emma L. Baldwin, his wife, mortgagors, and the receiver of the First National Bank of Christopher, Illinois, holder of a second mortgage upon the same lands and other lands. There was subsequently a decree and master's sale of the property therein involved.

The holder of the title to the property after the foreclosure sale was G. J. McCune, as trustee; the plaintiff E. W. Dressor, having died after bidding in the property at the sale.

Emma L. Baldwin, the wife, seems to have died before service could be had upon her, leaving surviving her, her husband Charles Baldwin, and five adult children. Baldwin appears to have continued to live upon the property, paying rent to McCune.

In April, 1939, plaintiff demanded possession of the premises under the master's deed; the defendant refused to surrender possession and plaintiff petitioned the circuit court for a writ of assistance under the master's deed. The defendant resisted the petition for the writ of assistance and filed a motion, to vacate and set aside the decree and subsequent orders, setting forth therein among other things, that Emma L. Baldwin, was a mortgagor of the premises; that she never assigned or conveyed or abandoned her equity

of redemption; that she died, intestate, leaving surviving her five adult children; that said children were not made parties defendant to the complaint filed for the purpose of foreclosing the mortgage.

Said motion was predicated upon the ground that the above errors in fact were committed in said proceeding which, by the common law, could have been corrected by the writ of error *coram nobis*. The only specific relief prayed for in said petition, was, "that on a final hearing hereof that said original decree and said proceedings in this cause be vacated and set aside as herein specified." Upon a hearing said motion was denied by the court and dismissed for want of equity.

The theory upon which said motion was filed, was that it came within the provisions of section 72 of the Civil Practice Act, which provides, "The writ of error coram nobis is hereby abolished, and all errors in fact, committed in the proceeding of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice. . . . " It seems fundamental to us, that any motion to correct errors should not only point out the errors of fact committed, but affirmatively show in the prayer for relief in what way those errors could, as a matter of fact, be corrected. In the case of *Frank v. Newburger*, 298 Ill. App. 548, 19 N. E. (2d) 147, cited in defendant's brief, several defendants therein filed their verified motion under section 72 of the Civil Practice Act, to vacate and set aside a decree of foreclosure, and all orders entered subsequently; and the prayer therein was that defendants be given leave to defend the amended bill of foreclosure.

In the instant case, the only prayer of the petition is that the decree and subsequent orders be vacated and set aside. We believe the petition insufficient, inas-

much as it did not specifically pray for the correction of errors previously pointed out. And nowhere in the presentation of defendant's case in this court, is it pointed out, wherein the errors complained of in the original decree may be corrected.

Rule 9, of the rules of this court provides, "The concluding subdivision of the statement of the case shall be a brief statement of the errors or cross-errors relief upon for reversal. . . ." In the concluding subdivision of the statement of the case for the defendant, we find the following:

1. That errors of fact were committed on the hearing of said foreclosure suit that could have been corrected by the writ of error *coram nobis* and can be corrected by this motion under section 72 of the Civil Practice Act.

2. That if the fact that when mortgagor, Emma L. Baldwin died, she left surviving her five children all residing in Franklin county and three of them residing on the premises involved had been made known to the court said decree could not have been made.

3. That if the fact that all of the land described in the second mortgage had not been ordered sold or sold pursuant to said decree had been made known to the court the deficiency decree could not have been made.

4. That this motion was made within the time and manner provided by section 72, Civil Practice Act, and is the proper remedy by which to correct said errors of fact.

The original decree of foreclosure is not made a part of this record. The first three of the four supposed assignments of errors as set forth above, complain of errors in the original decree, which is not before this court. The fourth argues that the motion was made within the time and manner provided by section 72, Civil Practice Act, and is the proper remedy by which to correct said errors of fact. This appeal is not from the original decree of foreclosure of Novem-

ber 20, 1935, but from the order of court of March 23, 1940, denying the petition to vacate the decree, and dismissing same. It does not appear from the above-alleged assignments of error wherein the trial court erred in passing upon this motion.

The assignment of errors on the record is not a mere form that will be considered waived, if not objected to, but is one of substance so that if the Appellate Court were to inadvertently reverse a judgment in a case where no error had been assigned, the judgment of reversal would be set aside upon motion. *Rosin v. Wilde,* 80 Ill. App. 58; *Jesse French Piano & Organ Co. v. Meehan,* 77 Ill. App. 577; *Lang v. Max,* 50 Ill. App. 465; *Ditch v. Sennott,* 116 Ill. 288. While under our rules it is not necessary, that the errors be assigned on the record, they should be alleged at the conclusion of the statement of the case. That assignment of errors performs the office of a complaint in this court. *Cass v. Duncan,* 260 Ill. 228. At the conclusion of this argument, counsel for defendant say that the court below erred in denying the motion. Our courts have held that assignments of error may not be based merely upon argument of counsel. *McNeil & Higgins Co. v. Neenah Cheese & Cold Storage Co.,* 290 Ill. 449; *Odin Coal Co. v. Industrial Commission,* 297 Ill. 392. We are of the opinion that there is no sufficient assignment of errors before us, upon which to determine this cause.

We are asked to reverse the order of the lower court, and that the defendant have all the relief prayed for by him in said motion. At no place in the motion, nor in this court is there any other relief prayed for, other than to vacate and set aside the foreclosure decree, which is not before us, and which would serve no useful purpose.

While it is true that the Civil Practice Act should be liberally construed, yet there are certain fundamental principles that have been established as landmarks for the guidance of litigants prosecuting ap-

peals, that must be adhered to. This court should not be asked to guess at errors alleged to have been committed in the trial court, nor at the remedy sought either in the lower court or in the Appellate Court. For the reasons set forth above, the order of the lower court will be affirmed.

*Affirmed.*