EMMA W. SCHAEFFER

*v.*

JAMES BURNETT, Exr.

*Opinion filed October 24, 1905.*

1. APPEALS AND ERRORS—*assignment of errors must be written upon the record.* The assignment of errors and cross-errors upon the record of the Appellate Court must be written upon and attached to the record after it is made up for presentation to the Supreme Court, as it forms the issue upon which the case is heard and judgment is rendered.

2. SAME—*when assignment of errors is not in proper form.* An assignment of errors contained in a petition or written motion filed in the Appellate Court for an appeal to the Supreme Court does not satisfy the rule requiring the errors to be assigned upon the record.

3. SAME—*formal assignment of errors is essential.* A formal assignment of errors upon the record is essential to the authority of the Supreme Court to review the case, even though the alleged error may appear from the record in the judgment of the lower court.

APPEAL from the Appellate Court for the Third District;—heard in the court on appeal from the Circuit Court of Fulton county; the Hon. G. W. THOMPSON, Judge, presiding.

W. E. BYERS, for appellant.

A. M. BARNETT, and M. P. RICE, for appellee.

Per CURIAM : This is an appeal from the Appellate Court sustaining a judgment of the circuit court of Fulton county, wherein a petition for a statutory writ of *certiorari* to the probate court of said county was asked, directing that court to send up a transcript of the proceedings of a certain cause in said court wherein appellant was plaintiff and appellee defendant, and the writ quashed.

Appellee has raised the question that no errors are assigned of record upon the transcript of the Appellate Court filed herein; also, that the abstract of the record of the Appellate Court does not present any errors. Upon looking into the transcript of the record as presented from the Appellate Court, we find that a petition or written motion for an appeal to the Supreme Court was filed in the Appellate Court, and in that petition or motion, and as a basis for it, is an assignment of certain errors which appear in the motion or petition, upon which the appellant relies. The errors being in the transcript as presented from the Appellate Court are not properly assigned, as errors cannot be embodied in the transcript of the proceedings of the Appel-

late Court. The assignment of errors and cross-errors must be written upon and attached to the record after made up for presentation to this court, and forms the issues upon which the case is heard and judgment rendered. The cause stands in this court in the same condition as would a cause in the circuit court without a declaration. (*Davis* v. *Lang,* 153 Ill. 175.) Here there was no attempt, as we think, to assign errors upon the record of the Appellate Court, and we do not feel warranted in holding that the reasons assigned or grounds of this motion made in the Appellate Court for an appeal can stand in this court as an assignment of errors. The omission to assign errors in this court leaves the court without authority to proceed. (*Metropolitan Life Ins. Co.* v. *People,* 205 Ill. 370, and cases therein cited.) Appellant's attention had been called by appellee to the condition of the record as it exists, and appellant could have availed herself by simply entering a motion to be permitted to assign errors, and not having done so before the case was submitted for final consideration, is now too late.

Appellant, in her reply brief, takes the position that as the error insisted upon is the quashing of the writ, and as that error appears in the record from the judgments of both the circuit and Appellate Courts, it is not necessary, in order to avail herself of it, to formally assign errors. All errors must be manifested by and appear in the record, otherwise an appellate court could not review them, and such court is only authorized to review the errors that are pointed out and insisted upon under the assignment of errors required by the rules of practice. Appellant's position is not tenable, and her appeal must be dismissed for want of assignment of errors.

Other irregularities of minor importance are pointed out as appearing in appellant's brief and abstract, but finding, as we do, there is nothing upon which to base a judgment, we deem it unnecessary to discuss the questions raised, and the appeal is therefore dismissed. *Appeal dismissed.*