Fannie T. Butters, Administratrix, Appellee, v. Chicago, Burlington & Quincy Railway Company, Appellant.

Gen. No. 5278.

APPEALS AND ERRORS—*effect of absence of assignments of error.* If no assignments of error have been made on the record there is nothing presented for review. An assignment of error on the record, even though an assignment appears in the abstract, is not a mere matter of form to be considered waived, if not objected to, but one of substance.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1909. Appeal dismissed. Opinion filed March 11, 1910.

ROBERT C. MORSE and NICHOLAS J. DEMERATH, for appellant; CHESTER M. DAWES and NICHOLAS DEMERATH, of counsel.

N. F. ANDERSON, THOMAS J. WELCH and JAMES H. ANDREWS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action on the case brought against the Chicago, Burlington and Quincy Railway Company by Fannie T. Butters, administratrix of the estate of Charles A. Butters, to recover damages for the benefit of the next of kin of the plaintiff's intestate, averred to have been killed by the negligence of the defendant. Plaintiff recovered a verdict and judgment for $4,000 and the defendant appeals.

There is no assignment of errors on the record as required by rule 12 of this court. No assignments of error having been made there is nothing for us to consider. An assignment of error on the record, even though an assignment appears in the abstract, is not a mere matter of form to be considered waived, if not objected to, but one of substance. Aetna Life Ins. Co.

v. Sanford, 197 Ill. 310; Schaffer v. Burnett, 217 Ill. 84; Kominski v. People ex rel., 219 Ill. 595; Hall v. People, 197 Ill. 567; Press v. Woodley, 160 Ill. 433; Lancaster v. Waukegan & Southwestern Railway Co., 132 Ill. 492; Metropolitan Life Ins. Co. v. The People, 205 Ill. 370; Benneson v. Savage, 119 Ill. 135; Ditch v. Sennott, 116 Ill. 288; Cooperman v. People for use etc., 113 Ill. App. 99. An assignment of error is the pleading of the party and is as essential as a declaration and will not be considered waived although not objected to. Rosin v. Wilde, 80 Ill. App. 58. The appeal must therefore be dismissed.

*Appeal dismissed.*

APPEALS AND ERRORS—*effect of absence of assignments of error.* If no assignments of error have been made on the record there is nothing presented for review. An assignment of error on the record, even though an assignment appears in the abstract, is not a mere matter of form to be considered waived, if not objected to, but one of substance.

