John K. Joice, Appellee, v. Lydia Norman, Appellant.

Gen. No. 20,337.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN K.
PRINDIVILLE, Judge, presiding.    Heard in the Branch Appellate
Court at the March term, 1914.   Affirmed.   Opinion filed April 22,
1915.

## Statement of the Case.

Action by John K. Joice against Lydia Norman for
the value of services rendered in negotiating the sale
of real estate belonging to the defendant.   On a trial
before the court without a jury the court found that
the plaintiff produced a purchaser within the time
limited, who was ready, willing and able to purchase
on the terms proposed, but that the defendant refused
to sign the contract, and rendered judgment for the
plaintiff for sixteen hundred and fifty dollars.   De-
fendant appeals.

WILLIAM ANNAN TAYLOR and HUGH R. PORTER, for
appellant.

HARRY A. BIOSSAT, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion
of the court.

## Abstract of the Decision.

1.   APPEAL AND ERROR, § 1414*—*when findings not disturbed.*   In
an action by a real estate broker for commissions, where the evi-
dence as to the nature of the agreement is conflicting, if the court
is unable to say that the finding of the trial court is against the
weight of the evidence, its findings will not be disturbed.

2.   BROKERS, § 40*—*when entitled to commission though princi-
pal refuses to execute contract.*   A broker, employed by the owner

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

to sell property, is entitled to his commissions when he produces a purchaser, within the time limited by his authority, who is ready, willing and able to purchase the property upon the terms proposed by the seller, even though the seller refuses to execute a contract on the ground that her husband declined to join with her.

3. Municipal Court of Chicago, § 27*—*when exception to judgment must be shown.* Where the bill of exceptions in a first-class case in contract tried in the Municipal Court without a jury fails to show an exception to the judgment, the Appellate Court will not review the evidence nor determine questions of fact.