### John Kinnan, Appellee, v. Globe Indemnity Company of New York, Appellant.

### Gen. No. 29,064.

1. INSURANCE—*construction of employer's liability policy against actual loss only.* A liability insurance contract which provides that no action for the indemnity provided for shall lie "except for reimbursement of the amount of loss actually sustained and paid in money by the assured in full satisfaction of a judgment duly recovered against the assured after trial of the issue" is a contract of indemnity and recovery cannot be had thereunder on a judgment against the insured which has not been paid.

2. INSURANCE—*validity of employer's liability policy insuring against actual loss only.* Contracts insuring against actual loss on the part of insured, as distinguished from legal liability, are valid.

3. INSURANCE—*public policy not involved in construction of employer's liability policy covering actual. loss only.* No question of public policy is involved in the construction of an employer's liability insurance policy as being a contract of indemnity under which the insurer is not liable on a judgment against the insured which has not been paid.

Appeal by defendant from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Reversed and remanded with directions. Opinion filed June 30, 1924.

CASSELS, POTTER & BENTLEY, for appellant; RALPH F. POTTER and KENNETH B. HAWKINS, of counsel.

S. P. DOUTHART, OSSIAN CAMERON and EDWARD H. S. MARTIN, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

By this appeal defendant seeks the reversal of a decree on a creditor's bill adjudging that complainant recover from defendant the sum of $5,966.59 and costs.

Complainant's bill is based on a policy of insurance issued by defendant to the Charles B. Hurst Company. The decisive question involves the validity of a provision of the policy that the insurer is liable only for what the assured actually pays for damages.

The bill of complaint alleges that on September 4, 1912, John Kinnan, the complainant, was employed by the Charles B. Hurst Company as a servant in the erection of a silo at Polo, Illinois, and while so engaged sustained injuries for which, on April 12, 1919, he recovered a judgment in the Circuit Court of Cook county against the Charles B. Hurst Company for $12,625; that executions were issued and returned unsatisfied; that the Charles B. Hurst Company is insolvent and said judgment has not been satisfied; that at and prior to the time complainant was injured the defendant issued to the Charles B. Hurst Company its liability insurance policy agreeing to insure said company against loss from the liability imposed by law upon the assured for damages on account of bodily injuries suffered by any person, whether employed by the assured or not employed, while at the place designated in the policy, by reason of the work therein described; that the Globe Indemnity Company was a foreign casualty insurance company organized and chartered to transact business in the State of New York and was licensed to transact its business in Illi-

nois; that by reason of said policy it became liable to pay the judgment obtained by complainant Kinnan against the Hurst Company, and the bill asked that the Globe Indemnity Company be decreed to pay said judgment.

The Globe Indemnity Company filed its answer under oath, denying that prior to the filing of the bill of complaint it had notice concerning the trial of the cause in the circuit court or the entry of the judgment; denying that Kinnan was injured while employed as a servant by the Hurst Company; admitting its character as a casualty insurance company organized under the laws of New York and licensed to transact its business in Illinois during 1912; admitting the issuance of the policy in question to the Hurst Company; alleging that the Hurst Company knew that the accident was not covered by the policy of insurance, and employed attorneys of its own to defend the lawsuit; denying that it assisted the Hurst Company in the defense of the lawsuit. Defendant also denied any liability under the terms of the policy; alleged that the complainant, Kinnan, stated to the Globe Indemnity Company shortly after the accident that he was a subcontractor upon the work when he was injured, and that the Indemnity Company informed the Hurst Company that such an accident was not covered by the policy, which conclusion was accepted by the Hurst Company, and it admitted to the Indemnity Company that Kinnan was not its employee when injured.

The decree found the equities to be with the complainant and also recited the judgment against the Hurst Company, which was in full force and effect, unpaid and unsatisfied, and that the writs of execution were returned no property found; also found that the Hurst Company was insolvent and unable to pay its debts. The decree also found that under the terms of the policy the Indemnity Company was liable to the Hurst Company for this judgment to the

amount of the insurance under the policy, which was $5,000, and adjudged that the Indemnity Company pay to the complainant the amount of the policy with interest at 5 per cent from the date of the judgment obtained by Kinnan against the Hurst Company.

There were certain other matters contained in the bill, answer and decree relative to the knowledge of the defendant of the accident, the suit for damages, the facts relating to the accident and touching the character of Kinnan's employment—whether as a servant of the Hurst Company or a subcontractor. We do not discuss these matters for the reason that in our judgment, under the terms of the policy, there can be no recovery from the defendant in this proceeding and other considerations are immaterial.

The provisions of the policy which operate as a defense to complainant's bill are as follows:

"Globe Indemnity Company (herein called the Company) in consideration of the premium herein provided and of the statements forming a part hereof, does hereby agree:

"I. To indemnify the assured against loss from the liability imposed by law upon the assured for damages on account of bodily injuries, including death at any time resulting therefrom, accidently suffered or alleged to have been suffered during the policy period by any employee of the assured, etc.

"I. No action for the indemnity against loss provided for in insuring agreement I of this policy shall lie against the Company, except for reimbursement of the amount of loss actually sustained and paid in money by the assured in full satisfaction of a judgment duly recovered against the assured after trial of the issue, nor unless brought within two years after such judgment shall have been paid."

It has been repeatedly held that such provisions make the policy a contract of indemnity under which the assured can have no claim against the insurance company until the assured has paid the amount of loss actually sustained or satisfied any judgment duly

recovered against the assured by the injured person. In *Illinois Tunnel Co. v. General Accident, Fire & Life Insurance Co.*, 219 Ill. App. 251, similar provisions were under consideration, and after citing a large number of cases the court concluded that by the weight of authority such provisions were contracts of indemnity and that no action would lie under the policy unless it should be brought by the assured to reimburse it for loss actually sustained in satisfaction of the judgment. It was also so held in *United States Fidelity and Guaranty Company v. Maryland Casualty Company*, 182 Ill. App. 438, where the opinion quotes from *American Employers' Liability Ins. Co. v. Fordyce*, 62 Ark. 562, as follows:

"The difference between a contract of indemnity and one to pay a legal liability is that upon the former an action cannot be brought, and a recovery had, until the liability is discharged; whereas upon the latter the cause of action is complete when the liability attaches." See also *Carter v. Ætna Life Ins. Co.*, 76 Kan. 275; *Frye v. Bath Gas & Electric Co.*, 97 Me. 241; *Cushman v. Carbondale Fuel Co.*, 122 Ia. 656.

It does not seem to be seriously controverted that if the provisions of the policy herein constitute a contract of indemnity the complainant's bill will not lie, but it is attempted to avoid their operation by urging that under defendant's charter and the Statute of Illinois such provisions are void.

Defendant's answer admits that under the laws of the State of New York it was organized and chartered "for the purpose of insuring and issuing policies against loss or damage resulting from accident to or injuries suffered by an employee or other person for which accident or injury the person insured is liable." The Illinois Statute concerning the business of casualty insurance provides that any number of persons not less than thirteen may form a corporation for the purpose of issuing policies for insurance "against loss or damage resulting from accident

to, or injury suffered by, an employee or other person, for which accident or injury the person insured is liable." Cahill's Ill. Stat. ch. 73 (Casualty Insurance), ¶ 447, subd. 2. It will be noted that the character of insurance authorized under defendant's charter is virtually the same as that permitted by the Illinois Statute.

Complainant argues that under these permissive provisions no casualty insurance company can be organized except to insure against liability and that contracts of indemnity against loss from liability are therefore prohibited.

Among the cases cited to support this contention are *Wallace v. Madden,* 168 Ill. 356, where it was held that after a fraternal insurance company became organized under the statute it had no right to enlarge the class of beneficiaries mentioned in the certificate or curtail the class therein mentioned, and in *National Union v. Keefe,* 263 Ill. 453, it was said that the *Wallace* case merely held that after organization under the statute any provision in the constitution and by-laws inconsistent with or not authorized by the statute would be a nullity. *North Avenue Building & Loan Association v. Huber,* 270 Ill. 75, holds that a loan to a nonmember contrary to the statute is *ultra vires.* *Calumet & Chicago Canal & Dock Co. v. Conkling,* 273 Ill. 318, holds that a loan of the surplus funds of a corporation, under the particular facts involved, was *ultra vires.* Complainant's cases are mostly concerned with life insurance policies, which of course cannot be considered as policies to indemnify or make good a loss. Such policies are not for the benefit of the assured, but are for the beneficiaries named therein. *Illinois Indemnity Exchange v. Industrial Commission,* 289 Ill. 233, is not analogous, but construes one of the sections of the Workmen's Compensation act. No case cited supports complainant's contention.

On the other hand, such contracts of indemnity have been issued in this state and recognized by the courts for many years. We have already referred to decisions upholding such provisions, and in the *Illinois Tunnel* case, *supra,* the Supreme Court denied a petition for certiorari, making the opinion of the Appellate Court final. We cannot accept complainant's assertion that the conclusion therein reached resulted from improper briefing or inadequate presentation. The conclusion is amply supported by precedent in this and other states.

The language of the statute will not permit the strained construction sought by the complainant. The words insurance "against loss * * * resulting from accident * * * to * * * an employee * * * for which accident * * * the person insured is liable," clearly contemplate policies of indemnity against loss actually resulting from liability. Language could hardly be clearer.

No question of public policy is involved. It is said that the cost of policies insuring against liability is greater than the cost of policies of indemnity against loss from liability, and for proper reasons the assured may prefer one kind of policy to the other. However, the question of public policy in this respect is a legislative question, not a judicial one.

Holding as we do that insurance policies against loss from liability are recognized by the courts as valid, it follows that operation must be given to the provision in the instant policy that the loss must be actually sustained and paid by the assured before any action on the policy will lie against the defendant. The decree will therefore be reversed and the cause remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*

MATCHETT, P. J., and JOHNSTON, J., concur.