## Farmers State Bank of Belvidere, Appellant, v. George W. Meyers, Appellee.

### Gen. No. 8,955.

Opinion filed December 5, 1935.

Wm. Biester and F. A. Oakley, both of Belvidere, for appellant.

William L. Pierce and Alexander J. Strom, both of Belvidere, for appellee.

Mr. Presiding Justice Huffman delivered the opinion of the court.

This is a suit brought by appellant upon an alleged guaranty contract to which appellee was one of the signers. The cause was tried before the court, without a jury. Appellant prosecutes this appeal from the judgment of the trial court.

Appellant sets out no errors relied upon for a reversal, as required by the rules of this court. The present Practice Act in force in this State does not require an assignment of errors. Nor did the Practice Act of 1907 contain any such provision. This was then required by Rule 11 of the Supreme Court and by Rule 12 of this court. Rule 9 of this court, which was adopted June 25, 1934, and in force at the time of the prosecution of this appeal, provides that the brief of appellant shall contain, "the errors relied upon for a reversal," and designates where the same shall appear. Rule 39 of the Supreme Court as adopted at its December term, 1933, contained a like provision, which was amplified by amendment at the June term, 1935, thereof.

There is no attempt made by appellant to set out in its brief the errors relied upon for a reversal. Under such circumstances there is nothing presented to this court for review. *Butters v. Chicago, B. & Q. Ry. Co.,* 154 Ill. App. 275; *Frick v. Aurora, E. & C. Ry. Co.,* 154 Ill. App. 277. Errors relied upon for a reversal must be assigned. This is not a mere matter of form to be considered waived if not objected to, but is one of substance. *Ditch v. Sennott,* 116 Ill. 288; *Rosin v. Wilde,*

80 Ill. App. 58; *Jesse French Piano & Organ Co. v. Meehan,* 77 Ill. App. 577. Such assignment performs the same function in the court of review as a declaration in the trial court. *People v. Sleight,* 302 Ill. 45; *Great Northern Refining Co. v. Jeffris Lumber Co.,* 308 Ill. 342; *Cass v. Duncan,* 260 Ill. 228; *Ditch v. Sennott, supra.*

An examination of the record and abstract discloses no assignment. The present rules governing the assignment of errors have merely changed the place where the same shall be set out. Instead of being attached to the record and printed in the abstract, such errors as are relied upon for reversal by the appellant are now to be set out at the conclusion of appellant's statement of the case, in his brief.

It has long been the rule that a case submitted to a court of review for final decision without an assignment of errors, will be dismissed. *Village of East Peoria v. Lake Erie & W. R. Co.,* 237 Ill. 93; *Aetna Life Ins. Co. v. Sanford,* 197 Ill. 310; *Burrall v. American Telephone & Telegraph Co.,* 217 Ill. 189; *Schaeffer v. Burnett,* 217 Ill. 84.

This appeal is therefore dismissed.

*Appeal dismissed.*