Martha L. Bender, Administratrix of the Estate of David Bender, Deceased, Appellee, v. The Alton Railroad Company, Appellant.

Gen. No. 8,969.

Opinion filed February 29, 1936. Rehearing denied April 7, 1936.

W. K. BRACKEN and BRACKEN, RADLIFF, LIVINGSTON & MURPHY, all of Bloomington, for appellant; SILAS H. STRAWN, of Chicago, general solicitor.

RAY H. IMIG and STONE & WRIGHT, of Bloomington, for appellee.

PER CURIAM.

This is an appeal by appellant from a judgment of the circuit court of McLean county, in favor of appellee. The case was submitted for decision at the January term, 1936, of this court. Since its submission appellee has called the attention of the justices of this court to the fact that the brief of appellant does not contain the statement of errors relied upon for reversal of said judgment.

Appellant thereupon obtained leave to file its motion for leave to file certain assignments of errors, at the conclusion of the statement in its brief, which were presented with said motion, to the granting of which motion appellee objected.

The statement of errors and cross errors relied upon for reversal, required to be made in the concluding subdivision of the statement of the case by Rule 39 of the Supreme Court as amended at the June term, 1935, of said court and Rule 9 of the Appellate Court as amended on October 1, 1935, take the place of the assignment of errors required prior to the adoption of the Civil Practice Act.

While it would have been proper and permissible on motion to have granted appellant leave to amend its brief by including the statement of errors relied upon for a reversal of said judgment during term time and before the case was taken for consideration, yet the case having been submitted for decision we are without authority to grant such motion. *McCormick v. Chicago & State Line Ry. Co.,* 219 Ill. 593.

Prior to the adoption of the Civil Practice Act it was necessary to attach the assignment of errors to the record and this was jurisdictional. Assignments of error were never required by any statutory provision. It was not a mere matter of form to be considered waived, if not objected to, but was one of substance. *Farmers State Bank of Belvidere v. Meyers,* 282 Ill. App. 549. It performs the same function in the court of review as the declaration in the trial court.

Prior to 1872 formal joinder in error was required and, if error was not joined after notice given, the judgment would be reversed. Joinder in error was not required by the Practice Act of 1907. Cahill's St. 1933, ch. 110, sec. 108. On errors being assigned, if the opposite party did not plead in proper time, the case was taken as if error had been joined.

After the enactment of the Civil Practice Act and the adoption of Rules of Practice and Procedure by our Supreme Court at its December term, 1933, much confusion seemed to exist as to the necessity of assignment of errors, and as to how the same should be made.

Rule 39 of the Supreme Court and Rule 9 of this court, as amended, make it clear that it is the duty of appellant in the concluding subdivision of the statement of the case in his brief to make a brief statement of the errors or cross errors relied upon for reversal or of the cross errors submitted by an appellee not prosecuting a cross appeal, and the duty of appellee in his statement in his brief to make a short and clear statement of the propositions by which he seeks to meet the alleged errors and to sustain the judgment or decree, or by which such errors are obviated. Our Supreme Court at the same time amended its Rule 36 (2) by adding the following provision:

"No assignment of errors or cross-errors shall be necessary, except the statement in the brief, at the conclusion of the statement of the case, of errors relied upon for reversal as required by Rule 39."

An examination of Rules 36 and 39 of the Supreme Court and of Rules 1 and 9 of this court, before and after amendment, will make it clear just what is required by way of assignment of errors and just where in the brief of appellant such statement of errors shall be written. Rule 39 not only requires appellant to make such statement of errors in his brief but also requires appellee to join in error by making a short and clear statement in his brief of the propositions by which he seeks to meet the alleged errors.

It will, therefore, be seen that the practice now is the same as it was prior to the enactment of the act in 1872, which provided that formal joinder in error was no longer necessary.

The purpose of the rules adopted by the Supreme and Appellate Courts is to facilitate the orderly disposition of the business of the courts and to expedite the prompt administration of justice. *Village of Barrington v. Lageschulte,* 323 Ill. 343.

Rules when established have the force of law and are obligatory upon the court itself, as well as the parties to the cause coming before it. *Lancaster v. Waukegan & S. W. Ry. Co.,* 132 Ill. 492. Courts of review will not vary the application or interpretation of their rules to suit the contingencies of a particular case. Under the old practice assignments of error were required to be written upon or attached to the record; under amended Rule 39 of the Supreme Court and amended Rule 9 of the Appellate Court they must be the concluding subdivision of the statement of the case.

Requiring the statement of errors to be so placed is not an arbitrary or unreasonable rule. That is the logical place in the brief to make such statement.

If Rule 39 of the Supreme Court or Rule 9 of this court as amended is followed in the preparation of a brief by an appellant it will be seen that the court of review will have a knowledge of the nature of the action, the pleadings, the facts, the decision of the trial court, and, lastly, the errors relied upon for reversal.

The statement in the brief of appellee will disclose the propositions by which he seeks to meet the alleged errors and to sustain the judgment or by which such errors are obviated, such statement being an essential part of the brief of appellee.

There being no statement of errors or cross errors relied upon for a reversal of the judgment in the concluding subdivision of the statement of the case in the brief of appellant we are without authority to review the case and the appeal is therefore dismissed at the costs of appellant.

*Appeal dismissed.*