**The Trust Company of Chicago, Administrator of the Estate of James Juzang, Deceased, Appellant, v. Iroquois Auto Insurance Underwriters, Inc., Appellee.**

**Gen. No. 38,706.**

Opinion filed May 11, 1936. Rehearing denied and supplemental opinion filed May 27, 1936.

Houston H. Hall and Zedrick T. Braden, both of Chicago, for appellant.

Beverly & Klaskin, of Chicago, for appellee; Samuel T. Klaskin, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action against defendant on a casualty insurance policy dated August 10, 1933, issued by it to Walter Roach, predicating its right to recover on the provisions of the Act of May 11, 1933, ch. 73, ¶ 466, Ill. State Bar Stats. 1935. Defendant filed an affidavit of merits denying liability; the court entered judgment in favor of defendant and plaintiff appeals.

By the terms of the policy defendant company insured Walter Roach against "Loss or damage from liability imposed by law upon the Assured for damage on account of bodily injuries, fatal or nonfatal, accidentally suffered, . . . by any person, or persons, by the reason of ownership, maintenance or use of the automobile." Liability was limited to $5,000.

In its statement of claim plaintiff alleged the issuance of the policy; that on or about June 14, 1935, a judgment for $3,000 was rendered by the superior court of Cook county against Walter Roach, the insured, in favor of plaintiff, which was unpaid and is still in full force and effect; that the cause of action in that case was based on the wrongful death of James Juzang, as the result of an accident which occurred on or about January 13, 1934, through the negligence of assured, Walter Roach, in driving the automobile covered by the policy. The policy was attached to and made a part of the statement of claim.

Defendant, by its attorneys, entered its appearance in the following words: "We hereby enter the appearance of the Iroquois Underwriters Inc., a corp., as attorney-in-fact for the subscribers of the Iroquois Auto Insurance Underwriters, and inter-insurance ex-

change, defendant, and ourselves as its attorneys in the above entitled cause.'' It filed an affidavit of merits in which the issuance of the policy was admitted. It was alleged, ''that the said policy or contract of insurance is one of indemnity and the said Walter Roach, . . . has suffered no loss or damages imposed by law as required by the said policy,'' to create a cause of action against the defendant; that the policy also provided, ''No suit or action on this policy or for the recovery of any claim hereunder shall be sustainable in any court of law or equity unless the Assured shall have fully complied with all the foregoing requirements, nor unless commenced within twelve (12) months next after the happening of the loss, . . . Nor unless the liability or loss shall have been actually sustained and paid in money by the Assured.'' And it was further averred that the action had not been brought within 12 months and that Walter Roach, the assured, had not sustained any loss because he had not paid the judgment.

Counsel for both parties appeared before us and admitted the issuance of the policy as alleged in the statement of claim; that defendant, by its counsel, appeared and defended the personal injury suit brought against Roach; that the judgment had been entered in that case by the superior court; that it was still unpaid, and that no evidence was offered in the instant case on the hearing before the municipal court.

The Act of May 11, 1933, which plaintiff claims authorized it to sue defendant, provides: ''All policies hereinafter issued by any insurance carrier organized or doing business under the laws of this State insuring or indemnifying any person against loss or liability for the death or for any injury to the person or to the property of another shall be deemed and construed to contain a provision that the carrier shall be liable to the person entitled to recover for such death or for any such injury to the person or property when caused

by the insured in the same manner and to the same extent that such carrier is liable to the insured. Such liability may be enforced by the person entitled to recover by an action against the carrier which may be commenced at any time after the rendition of final judgment in favor of such person against the insured.''

Defendant contends that, ''Under indemnity policies, the liability is contingent on the payment by the insured of the judgment rendered against him,'' and since the policy expressly provides that no suit or action on the policy will lie unless and until the assured, Roach, pays the judgment, no recovery can be had, and the judgment of the court dismissing the suit should be affirmed.

In the absence of the statute above quoted, defendant's contention would be sustained. *Kinnan v. Globe Indemnity Co.*, 233 Ill. App. 451. And counsel for both parties agree that the Act of May 11, 1933, so far as they are advised, has not been construed by a court of review in this State.

Counsel for defendant have cited a number of authorities from other States construing the statutes of those States which have to do with casualty insurance policies. We have considered these cases, but are of opinion that it would serve no useful purpose to discuss them here because the statutes there involved and the contentions there made are not 'substantially the same as the statute and the point involved here.

Obviously any provision of the policy which is contrary to the statute is ineffective and void, the policy having been issued after the Act of May 11, 1933, became effective. The policy provides that no suit or action can be maintained on the policy, ''unless the liability or loss shall have been actually sustained and paid in money by the Assured.''—(Roach.) But the statute provides that ''All policies hereafter issued . . . insuring or indemnifying any person against

loss or liability for the death or for any injury to the person or to the property of another shall be deemed and construed to contain a provision'' that the insurance company shall be liable to the person entitled to recover for such death or injury when caused by the insured ''in the same manner and to the same extent that such carrier is liable to the insured.'' And it further provides that ''Such liability may be enforced by the person entitled to recover by an action against the carrier which may be commenced at any time after the rendition of final judgment in favor of such person against the insured.'' By this statute the injured person may at any time, after he has obtained a judgment against the person causing the injury, maintain an action on the policy. There is no limitation in the statute to the effect that the injured person cannot maintain an action on the policy until the assured has paid the claim or judgment.

If plaintiff could not maintain a suit on the policy until his judgment had been paid by the assured, then the statute as to him would be wholly ineffective. If his judgment were paid, obviously there would be no basis for his suit on the policy. This provision of the policy is contrary to the statute and therefore ineffective and void as to plaintiff.

The provision of the statute requiring a policy of insurance to contain a provision that the insurance company shall be liable to the person entitled to recover for death or injury when caused by the insured ''in the same manner and to the same extent that such carrier is liable to the insured,'' refers to defenses that may be interposed by an insurance company, such as the provision requiring that notice be given by the insured to the company of any claim or suit by an injured person, etc., but has no application to the question involved in the instant case. Where a suit is brought by the injured person against the insurance

company, it is free to contest its liability under the policy except where the policy contravenes the statute.

Defendant contends that the suit was not "commenced within twelve months next after the happening of the loss," as the policy provides, and therefore the action is barred. And in support of this it is said that the automobile mentioned in the policy ran down and struck the deceased, James Juzang, on January 13, 1934, and the present suit was not instituted until July 20, 1935, over 18 months later. The contention cannot be sustained. The "happening of the loss" occurred not when plaintiff was run down and struck by the automobile on January 13, 1934, but when the damage resulting from that casualty was fixed by the judgment of the superior court, which was June 14, 1935 (*Lorando v. Gethro,* 228 Mass. 181) and the instant suit was brought a little more than a month thereafter, July 20, 1935, which was within the time limited by the policy.

For the reason that a motion for a new trial is neither required nor authorized by law or the rules of practice, there is no merit in defendant's contention that because a motion for a new trial is not in the bill of exceptions or report of the proceedings of the trial, the judgment should be affirmed. *Climax Tag Co. v. American Tag Co.,* 234 Ill. 179. But, as above stated, since there was no evidence heard the contention is wholly inapt.

The judgment of the municipal court of Chicago is reversed and the cause remanded with directions to enter judgment in favor of plaintiff for the amount of its claim.

*Reversed and remanded with directions.*

McSURELY, P. J., and MATCHETT, J., concur.

SUPPLEMENT OPINION UPON PETITION FOR REHEARING.

Defendant has filed a petition for a rehearing in which its counsel contend that they pointed out in their

brief that plaintiff had "failed to assign any errors in its brief as required by the rules of this court and the rules of the Supreme Court" and that we failed to pass on this point in the opinion filed. This contention prompts some further observations.

The defendant is in error in the contention that there must be an assignment of error in the brief. The practice with respect to assignment of error has been altered by the Civil Practice Act and by rules thereunder. Before the coming into effect of that Act, rule 11 of the Supreme Court and rule 12 of this court required assignments of errors and of cross errors, and provided that such assignments "must be written upon or attached to the record." As stated by this court in *Travelers Insurance Co. v. Wagner,* 279 Ill. App. 13 (1935), at p. 17, assignments of error were required by rule of court, not by statute.

Before the coming into effect of the Civil Practice Act, the rules of the Supreme Court and of this court made two requirements: (1) that assignments of errors and cross errors be written upon or attached to the record; (2) Supreme Court Rule 15 required that the statement of the case in the brief show "the errors relied upon for a reversal," and rule 19 of this court required, in the same language as present rule 7, that following the statement of the case in the brief, counsel should state the "points relied on [for reversal] with supporting cases."

Compliance with the first of these requirements was regarded by the courts as essential to the consideration of the case. But the Civil Practice Act and rules thereunder have expressly abolished the first of these requirements, while preserving the second in the same form in which it had theretofore existed. Neither the Civil Practice Act nor the rules originally adopted by the Supreme Court thereunder contained any requirement of assignments of error, but in order to make clear that no such assignments were required, Supreme

Court rule 36 was amended at the June term, 1935, by the insertion of the statement that "no assignment of errors or cross-errors shall be necessary, except the statement in the brief, at the conclusion of the statement of the case, of the errors relied upon for reversal, as required in rule 39." Except for a slight change in phraseology and an express reference to cross errors inserted by amendment at the June term, 1935, Supreme Court rule 39 merely repeats the requirement existing before the Civil Practice Act that the statement of the case in the brief show "the errors relied upon for a reversal," and this requirement was' not altered by being repeated in the new rule.

The clear purpose was that the errors should be indicated and argued in the brief, as under previous practice, without the necessity for a formal assignment of errors, and the purpose so aimed at is defeated if the view is adopted that the present rules require an assignment of error and "have merely changed the place where the same shall be set out." Such a view has, however, been taken by the Appellate Court for the Second District in *Farmers State Bank of Belvidere v. Meyers,* 282 Ill. App. 549.

Assuming that the new act and the rules thereunder have accomplished the clearly intended purpose of abolishing the formal assignment of error and of preserving the requirement that the statement in the brief show "the errors relied upon for a reversal," the question presents itself as to the sufficiency of such statement in the brief. Although the present language of rule 39 requires "a brief statement of the errors or cross-errors relied upon for a reversal or of the cross-errors submitted by an appellee not prosecuting a cross appeal," this preserves as to the appellant the same requirement as theretofore that "the errors relied upon for a reversal" be shown, and it is clear that by the preservation of this language the court intended to retain the practice theretofore existing as to the sufficiency of a showing and preservation of errors in

the brief. And under the practice that has always existed, and that is explicitly stated in rule 7 of this court, the statement of the case in the brief is supplemented and controlled by the points and authorities, and by the argument in the brief. Only those points made and argued in the brief are considered. A point made in the brief but not argued may be considered waived.

Defendant cites the case of *Bender v. Alton R. Co.*, 284 Ill. App. 419 (1936), recently decided by the Appellate Court for the Third District. Under this decision, an appeal was dismissed because of absence of assignment of error in appellant's brief, and the court said that the new practice requires not only assignments of error in the brief but also a formal joinder in error by defendant. An effort to abolish assignments of error and to simplify procedure thus becomes the basis for a more technical procedure, and a rule of the Supreme Court, continued in force substantially without change under the new act, is construed as reintroducing technical requirements clearly not within the intent of the general assembly or of the Supreme Court. In the *Bender* case the court says that the statement of errors and cross errors relied upon for reversal, required by Supreme Court rule 39, "takes the place of the assignment of error required prior to the adoption of the Civil Practice act." This treats rule 39 as if it were a new requirement replacing an old, whereas the requirement of this rule is merely a continuation of a prior practice as to the brief, this and rule 36 making it clear that the formal assignment of error is abolished. The statement in rule 36, as amended, that "no assignment of errors or cross-errors shall be necessary, except the statement in the brief," does not require that the statement in the brief be an assignment of errors, but, on the contrary, prescribes that it shall be a statement "of the errors relied upon for reversal, as required in rule 39."

Both *Farmers State Bank of Belvidere v. Meyers* and *Bender v. Alton R. Co.* take the view that an assignment of error is necessary and that such an assignment is jurisdictional, the court in the *Belvidere Bank* case saying that the "assignment performs the same function in the court of review as a declaration in the trial court." Cases decided before the enactment of the Civil Practice Act support this view, but are no longer applicable. It is necessary now to consider not only the purpose to abolish formal assignments of error under the new procedure, but also the effect of certain provisions of the Civil Practice Act: Section 74, subdivision 1, provides that an appeal under the act "shall constitute a *continuance* of the proceeding in the court below"; and section 76, subdivision 2, provides that "An appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court . . . . , and no step other than that by which the appeal is perfected shall be deemed jurisdictional."

Review by writ of error was regarded as a new proceeding and not as a continuation of the proceeding below. The theory of a new proceeding with an assignment of error as a new pleading had its basis in the nature of writ of error, and was extended to appeals, which were creatures of statute. The specific purpose of the Civil Practice Act was to provide for an appeal which was to be a substitute for the appeal and writ of error theretofore provided, and which in all cases was to be a *continuation* of the proceeding below. By rule, an assignment of error as a part of the record was expressly abandoned, and the errors relied upon are to be presented in brief and argument and not in pleadings in the court of review.

Under the rule requiring an assignment of error attached to the record, leave could be granted to assign errors during the term and at any time before the cause was submitted for consideration. *McCormick v.*

*Chicago & State Line Ry. Co.,* 219 Ill. 593 (1906). See *Bender v. Alton R. Co.,* 284 Ill. App. 419 (1936), p. 420. But, under the old practice, errors preserved by assignment on the record were waived unless pointed out and argued in the brief. *People v. Kozel,* 303 Ill. 112, 114. Under the present practice, the formal assignment of error on the record is not necessary to preserve the error, but only the pointing out and arguing the error in the brief and argument. An error not so pointed out and argued is waived as heretofore.

The method by which the brief sets out and argues the points at issue is not jurisdictional, and does not constitute a basis for dismissing a case on appeal. By the terms of the statute no step other than that of notice of appeal is jurisdictional (*Veach v. Hendricks,* 278 Ill. App. 376 [Fourth District]; *Wishard v. School Directors,* 279 Ill. App. 333 [Fourth District]); and it rests in the discretion of the court to determine whether issues have been sufficiently presented in brief and argument for consideration by the court. This is borne out by *City of Chicago v. Peterson,* 360 Ill. 177 (1935), at p. 178, where it is said that an inadequate statement, attempting to comply with rule 39, is sufficient to prevent a dismissal of the appeal where appellant's brief stated certain errors relied on for reversal. The *Peterson* case says that the statement of errors relied upon was insufficient to confer jurisdiction upon the Supreme Court, but this did not indicate that the statement of errors was jurisdictional, but only that the statement was insufficient to show that the case involved the validity of an ordinance so that a direct review by the Supreme Court could be had. The jurisdiction referred to was not the jurisdiction to review but the question as to whether the jurisdiction to review should have been in the Supreme or in the Appellate Court. The view of the *Peterson* case is borne out by *Chicago Title & Trust Co. v. County*

*of Cook,* 279 Ill. App. 462 (1935), at p. 467, where this court said that the brief of appellant shall contain the errors relied upon for reversal.

If the issues of the case are adequately raised and presented in the brief and argument, the place where they appear is not jurisdictional.

Although the court of review has a discretion to determine whether issues have been properly preserved for review by brief and argument, this should not be construed as relieving counsel of the duty to present issues clearly and adequately. Counsel who do not comply strictly with the rules take the risk that their clients may suffer because issues are not raised and presented in such a manner as to be properly before the court. An examination of the briefs in *Farmers State Bank of Belvidere v. Meyers,* 282 Ill. App. 549 (1935), indicates that the issues were not presented so that the court could pass upon them; and the decision in that case can be supported without the need of relying upon the statements in the opinion regarding assignments of error.

The former practice of formal assignment of error attached to the record accomplished nothing in aid of the court, and this was the reason for its abolition; such an assignment placed in a brief accomplishes nothing, and should not be employed. The new practice seeks to limit the errors presented to the court of review to those raised and argued in the briefs. Counsel should have no difficulty in presenting the issues of their case clearly and concisely.

The petition for rehearing is denied.

*Petition for rehearing denied.*

McSurely, P. J., and Matchett, J., concur.

We have examined the foregoing supplemental opinion and are in accord with the views therein expressed.

Scanlan, P. J.,
Sullivan (John J.), J.,

FRIEND, J.
(Justices Appellate Court, First District, Second Division.)

HALL, P. J.,
HEBEL, J.,
SULLIVAN (DENIS E.), J.
(Justices Appellate Court, First District, Third Division.)