**Enola Ledbetter et al., Appellants, v. C. A. Evans, Appellee.**

Opinion filed June 3, 1937.

F. M. GUINN, of Vandalia, for appellants.

J. G. BURNSIDE, of Vandalia, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Appellants brought an action to secure a mandatory injunction requiring appellee to remove a dam which he had erected across a small creek on his lands, and which it is claimed resulted in causing the surface waters to accumulate and overflow the premises of appellants, and also for an award of damages alleged to have resulted therefrom. After a hearing the court denied the relief which appellants sought, and the latter have perfected this appeal to reverse such order.

Appellee asserts that appellants have not set forth in their brief and argument the errors relied upon for reversal. Number 39 of the Rules adopted by the Supreme Court requires that in the brief of appellant the concluding subdivision of the statement of the case shall be a brief statement of the errors relied upon for a reversal. Rule 9 of this court provides that the brief of appellant shall contain, among other items, ''the errors relied upon for a reversal.'' It has been held by each of the other Appellate Courts of this State that failure to set out the claimed errors in the brief of appellant, as required by such rule, does not present anything for review. *Farmers State Bank v. Meyers,* 282 Ill. App. 549; *Bender v. Alton R. Co.,* 284 Ill. App. 419; *Travelers Ins. Co. v. Wagner,* 279 Ill. App. 13.

We do not find that appellants have set forth in their statement what they contend were errors of the trial court. Had appellee, therefore, entered his motion to dismiss the appeal for that reason, the motion would have been allowed and the appeal dismissed. The question has not been so presented, however, and appellee has argued the cause upon its merits. We shall accordingly so consider it.

The evidence in the case represented the testimony of numerous witnesses upon both sides, who testified fully as to the effect of the dam in causing the surface water to accumulate; whether same resulted in overflow of appellants' lands, and whether, when it did, it

was of an extent to result in their damage. The testimony bearing upon these propositions was sharply conflicting, and the court might have found either way upon the questions of fact, depending upon which witnesses he believed.

The trial judge before whom the witnesses appeared, had the opportunity of determining their credibility, and the weight to be attached to the testimony of each, by the application of the usual tests of hearing and observance of the demeanor and conduct of such witnesses. The court was thus in a position superior to ours to decide such matters. The evidence raised a fair question as to the matters of fact involved, hence its determination as to such issues is conclusive unless a reviewing court can see that its conclusion was manifestly against the weight of the evidence. *Tarjan v. Regelin,* 202 Ill. App. 320; *Joice v. Norman,* 192 Ill. App. 285. Upon the record as presented we cannot say that such is true. Believing the finding was warranted, it will be affirmed.

*Affirmed.*