Leroy F. Pape et al., Trustees, Appellants, v. Bene-
dicto Pareti et al., Appellees.

Gen. No. 41,973.

Heard in the second division of this court for the first district at the October term, 1941. Opinion filed May 14, 1942. Supplemental opinion filed and rehearing denied June 9, 1942.

BLUM & JACOBSON, of Chicago, for appellants; GEORGE M. SHKOLER, of Chicago, of counsel.

WILLIAM G. WISE, of Chicago, for appellees; JOHN J. DEVER, of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

In November 1934 Albert E. Burton filed a complaint against defendants Benedicto Pareti and Flora, his wife, to foreclose a mortgage on real estate at 3215 Eastwood avenue, Chicago. A deficiency decree for $1,641.10, with interest, was entered against defendants, and thereafter a writ of execution issued and was returned by the sheriff "no part satisfied." In July 1935 Burton executed a written assignment of the deficiency judgment, which the master subsequently found had been reduced by a credit thereon of $247.50, to plaintiffs herein, as trustees, under a liquidation trust, and in July 1937 they filed a creditors' bill against defendants based on the deficiency. Their complaint, which was several times amended, alleged in substance that while defendants were indebted to the assignor of plaintiffs, they were the legal

owners and holders of four parcels of real estate which are specifically described in the complaint, as amended, and that while so indebted, made conveyances of these four parcels of land to their son Lawrence A. Pareti, without consideration, and for the sole purpose of concealing the true ownership thereof so that plaintiffs could not reach any of the property with the writ of execution which had previously been issued; that defendants did not retain sufficient property to satisfy existing debts and at the time of the conveyances were insolvent; and that the conveyances were made for the sole purpose of defrauding their creditors. Defendants' answer admitted all the conveyances as alleged, denied that they were fraudulent, and averred that they were based on a good and valuable consideration. Issue being joined, the cause was referred to a master in chancery, who, pursuant to hearing, found that the conveyances were an outright gift to Lawrence Pareti, that the principal judgment debtors became insolvent and were unable to satisfy the deficiency judgment rendered against them, and he recommended that the transfers of property be set aside as fraudulent and that a decree be entered in favor of plaintiffs. A partial hearing was had before the chancellor on defendants' exceptions to the master's report and pending the disposition thereof plaintiffs filed a motion to further amend the complaint by including therein a prayer that the conveyances be set aside as fraudulent. This motion was reserved by the court until the final hearing on the exceptions, when it was denied, the defendants' exceptions to the master's report were sustained, and plaintiffs' suit was dismissed for want of equity. Plaintiffs have taken an appeal from the order entered.

It is urged at the outset that the appeal should be dismissed or the decree affirmed because no statement of errors is attached to the brief of plaintiffs, as required by rule 39 of the Supreme Court of Illinois.

This point has been argued before the several divisions of this court on other occasions. In *Trust Company of Chicago v. Iroquois Auto Ins. Underwriters, Inc.,* 285 Ill. App. 317, the court, with all the judges of the three divisions concurring, held that "The former practice of formal assignment of error attached to the record accomplished nothing in aid of the court, and this was the reason for its abolition; such an assignment placed in a brief accomplishes nothing, and should not be employed. The new practice seeks to limit the errors presented to the court of review to those raised and argued in the briefs." Defendants rely on *Bender v. Alton R. Co.,* 284 Ill. App. 419, and *Farmers State Bank of Belvidere v. Meyers,* 282 Ill. App. 549, decided by the Appellate Courts in other districts of this State, whose decisions are at variance with ours. The two cases cited were both fully considered by us in the *Trust Company of Chicago* decision and require no further comment. Aside from the reasons set forth in our conclusion in *Trust Company of Chicago v. Iroquois Auto Ins. Underwriters, Inc.,* it appears that the Appellate Courts of the districts in which adverse rulings have been had on this point require by their rules that a statement of errors be filed. Rule 7 of this division contains no such requirement. We therefore adhere to the conclusion reached in the *Trust Company of Chicago* decision, and the motion to dismiss the appeal or affirm the decree for lack of a statement of errors in plaintiffs' brief is therefore denied.

In support of the decree sustaining the exceptions to the master's report and dismissing the complaint for want of equity, defendants take the twofold position (1) that a general prayer for relief is not sufficient to support a decree granting specific relief not prayed for in the complaint and not germane to the complaint; and (2) that the court properly refused plaintiffs leave to amend the prayer of the com-

plaint after the case had been concluded before the master and was on hearing before the court on defendants' exceptions to the master's report. The gravamen of defendants' argument is that the complaint is predicated on the theory of a creditors' bill under ch. 22, sec. 49 of the Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 106.12], that the defense was prepared and the cause was tried under that section of the statute; but that the decree which the master recommended and which the court refused to enter is based on the Fraudulent Conveyance Act, ch. 59, sec. 4 of the Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 55.04], which defendants' counsel say is a different proceeding; that since the complaint proceeded on one theory under the statute and the defense was presented on that theory, it would have been improper for the court to have allowed plaintiffs to change their theory after the master's hearing had been concluded, and amend their complaint accordingly; and defendants' counsel argue that plaintiffs are not entitled to the relief recommended because a general prayer for relief is not sufficient to support a decree granting specific relief not prayed for in the complaint and not germane thereto.

It may be conceded that if the specific relief granted is not germane to the complaint, a general prayer would not be sufficient to support the specific relief sought. The immediate inquiry, therefore, is whether the relief recommended by the master is germane to the complaint, as amended. Defendants argue that a creditors' bill and a bill to set aside a fraudulent conveyance are totally different actions. The principal distinction is clearly set forth in *Dawson v. First Nat. Bank of Paris,* 228 Ill. 577, wherein the court said: "Under the first mentioned bill [a creditors' bill] the complainant must show he has exhausted his remedy at law by obtaining a judgment, execution thereon, and the return of the execution 'no property

found.' Under the last mentioned bill [one to set aside a fraudulent conveyance] the creditor may proceed as soon as he obtains judgment and without issuing an execution thereon.'' The same distinction is pointed out in *James H. Rice Co. v. McJohn,* 244 Ill. 264. It is generally recognized that the relief afforded by a bill in aid of execution is to set aside the encumbrances or conveyances therein specified as fraudulent, while under a creditors' bill any equitable estate of the defendant may be reached. A creditors' bill gives the plaintiff a greater scope of relief than a bill to set aside a fraudulent conveyance because in such a proceeding plaintiff has the right of discovery and may inquire into facts merely generally alleged in the complaint; whereas in a bill to set aside a fraudulent conveyance, specific allegations as to fraud must be alleged and no general discovery is authorized. As applicable to the amended complaint in the case at bar plaintiffs, in addition to the specific allegations of fraudulent conveyances, set forth generally a claim for discovery and for inquiry into other transactions in addition to those specifically alleged. The evidence adduced before the master was directed principally to the question whether the conveyances of these four parcels of land were fraudulent as to plaintiffs because they were made while defendants were indebted and without consideration, as the master found, leaving defendants insolvent and unable to satisfy the deficiency judgment theretofore rendered against them. This evidence was germane to the proceeding either under a creditors' bill or a bill to set aside a conveyance on grounds of fraud, and we perceive no valid reason why the court should have denied plaintiffs' motion to amend their complaint by inserting a specific prayer for relief in conformance with the proof. Substantially all the material allegations of the complaint, as amended, were established by plaintiffs and are uncontradicted, and no substan-

tial defense, other than the technical questions heretofore discussed, is interposed. The law in this State is well settled, and defendants do not argue otherwise, that a voluntary gift, made when there is an existing or contemplated indebtedness against the donor who retains insufficient property to pay the indebtedness, constitutes presumptive fraud. *State Bank of Clinton v. Barnett,* 250 Ill. 312; sec 4, ch. 59, Ill. Rev. Stat. 1937, Frauds and Perjuries [Jones Ill. Stats. Ann. 55.04]; *Morrill v. Kilner,* 113 Ill. 318. In the case at bar all these circumstances were specifically alleged and proven by the testimony of the defendants themselves, who made no attempt whatever to contradict the evidence that it was a voluntary gift made in the face of an existing or contemplated indebtedness against the donors. Plaintiffs went even further by eliciting from the defendant Benedicto Pareti the undisputed fact that by reason of the conveyances he and his wife became insolvent.

Aside from plaintiffs' contention that the amendment should have been allowed, they argue, with considerable force, that even in the absence of its allowance plaintiffs were entitled to a decree under the general prayer for relief. In *Seely v. Board of Education, Green Valley Community High School Dist. No. 306,* 315 Ill. 186, the court held that the general prayer for relief is sufficient to support any decree warranted by the allegations of the bill and the evidence, and *Wrlla v. Wrlla,* 342 Ill. 31, *Davidson v. Burke,* 143 Ill. 139, and *Kelly v. Kelly,* 293 Ill. 169, are to the same effect. In 21 Ruling Case Law, par. 53, of the section on pleadings, p. 489, the author says: "The rule is well established that the relief prayed for, or to which the plaintiff may be entitled, is no part of his cause of action; and if the complaint states facts entitling the plaintiff to relief it will repel a demurrer, although it may not entitle him to all the relief prayed. . . . Ordinarily, it is the

duty of the court to render such judgment as on the whole record the law requires, without regard to any request or want of request therefor; and hence it is that the facts alleged, the issues and proof, and not the form of prayer for judgment, determine the nature of the relief to be granted."

We are of opinion that the decree of the superior court was erroneous and it is, therefore, reversed and the cause is remanded with directions to enter a decree in favor of plaintiffs, finding that the transfers of property made by Benedicto Pareti and Flora Pareti to their son Lawrence are void and should be set aside as fraudulent as to the plaintiffs, and that plaintiffs are entitled to proceed to satisfy the judgment out of the real estate so fraudulently transferred, in accordance with the master's recommendations.

*Decree reversed and cause remanded with directions.*

SCANLAN, P. J., and SULLIVAN, J., concur.

### SUPPLEMENTAL OPINION.

Since the filing of our opinion in this cause, counsel for defendants have presented a petition for rehearing, wherein they say that we have overlooked or ignored the binding effect of *Gyure v. Sloan Valve Co.,* 367 Ill. 489, which is said to be decisive of the question whether failure of the appealing party to attach statement of errors to its brief affords ground for dismissal of the appeal.

The conclusion reached in our opinion was predicated on Rule 7 of the Rules of Practice of the Appellate Court adopted April 15, 1937, with subsequent amendments thereto, and our prior interpretation thereof in *Trust Co. of Chicago v. Iroquois Auto Ins. Underwriters, Inc.,* 285 Ill. App. 317, in which the nine judges of the three divisions of this court concurred. We direct attention to the very recent case of *Stein v. Midway Chevrolet Co.,* 315 Ill. App. 105 (opinion filed June 1, 1942). One of the ques-

tions there presented related to the sufficiency of the assignments of errors, plaintiff having argued that the assignments were insufficient, whereas the other side contended otherwise. Mr. Justice O'CONNOR, speaking for the court, brushed aside the argument as wholly immaterial and said: "If counsel would read Rule 7 of this court, no assignments of error in the technical sense are required. Assignments of error were only required by rule of court, *Ditch v. Sennott*, 116 Ill. 288. They never served any purpose but only to throw one out of court without passing on the merits. The assignments of errors required are those argued in the brief. Those are the points to be decided and the mere adding of meaningless sentences such as, 'The court erred in the admission of evidence,' 'The court erred in excluding evidence,' 'The court erred in instructing the jury,' 'The verdict and judgment are contrary to the law,' 'The verdict and judgment are contrary to the evidence,' etc., etc., are of no assistance to the court and any procedure that requires or gives any consideration to such technical nonsense ought to be disregarded. A great lawyer and statesman, the late Elihu Root, said: 'Justice is entangled in a net of form.' Obviously this ought not to be. The purpose of a law suit is to ascertain the facts of the matter in controversy so that the merits may be passed upon by the court— 'the realities considered rather than that the matter be decided on mere technicalities.' *People ex rel. Wilmette State Bank v. Village of Wilmette*, 294 Ill. App. 362. Courts have the right, power, and it is their duty to eliminate such frivolous suggested rules which have no purpose except to confuse, to defeat justice, and justly tend to bring the courts into disrepute." The court cited and relied upon the recent case of *Taylor v. City of Berwyn*, 372 Ill. 124 (opinion filed October 10, 1939), which was decided almost two years later than *Gyure v. Sloan Valve Co.* Plaintiff there questioned asserted

inadequacies in the statement of errors relied upon for reversal in the city's brief. Commenting on this point, Mr. Justice WILSON, speaking for the Supreme Court, said: "Section 76 of the Civil Practice act (Ill. Rev. Stat. 1937, ch. 110, par. 200, p. 2410 [Jones Ill. Stats. Ann. 104.076]), so far as relevant, provides: 'An appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court. After being duly perfected no appeal shall be dismissed without notice, and no step other than that by which the appeal is perfected shall be deemed jurisdictional.' Notice of appeal was filed by Bartunek and the city in the office of the clerk of the Circuit court within the prescribed period of time. *Since the statute ordains that no step other than notice of appeal is jurisdictional the determination of whether the method of stating and arguing the issues sufficiently presents them for decision rests in the discretion of the reviewing court.*" (Italics ours.)

Our rule 7 provides that the respective parties shall present an outline of plaintiff's theory of the case, followed by a paragraph giving in like manner the theory of the defense. This, together with the requirement that the parties make a statement of points and authorities upon which they rely, furnishes an ample presentation of the questions involved. The enumeration of a long list of assignment of errors, many of which are never discussed by either counsel or read by any of the judges because they are too general and meaningless, adds nothing to the points and authorities upon which the respective parties actually base their case.

In *Weigend v. Hulsh*, 315 Ill. App. 116 (opinion filed June 1, 1942), the court pointed out that the purpose and spirit of our Civil Practice Act was to liberalize the procedure and practice in this State, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, and cited various sections of the act clearly indicating such

intention. In keeping with this spirit, rule 7 wisely provides that the parties state the points and authorities upon which they rely, thus obviating the necessity of requiring the reviewing court to consider the many generalities set forth in the so-called assignments of errors. To dismiss an appeal because a party has failed to follow this practice, which is not required by our rules, would defeat rather than promote justice, and under rule 7 the three divisions of this court have consistently refused to grant such motions.

We approve of what was said in *Stein v. Midway Chevrolet Co.*, *supra*, and by the Supreme Court in *Taylor v. City of Berwyn*, *supra*, and adhere to the conclusions reached in our original opinion.

*Decree reversed and cause remanded with directions.*

SCANLAN, P. J., and SULLIVAN, J., concur.