**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 21 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**KEITH A. WHITE**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEITH A. WHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1204-CR-312 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas K. Milligan, Senior Judge
Cause No. 79D01-0302-FA-15

**September 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Keith White appeals the denial of his motion to correct erroneous sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 9, 2004, White pled guilty to two counts of Class B felony dealing in cocaine.[1] On September 8, 2006, the trial court sentenced him to ten years for each count, to be served consecutively. White appealed his conviction and sentence, and we affirmed the trial court's decision. *White v. State*, 79A02-0610-CR-920 (Ind. Ct. App. February 7, 2007), *trans. denied*.

On March 15, 2012, White filed a motion to correct erroneous sentence. The trial court denied his motion without a hearing on March 26.

## DISCUSSION AND DECISION

A motion to correct erroneous sentence may be filed to address a sentence that is "erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). Claims that require consideration of the proceedings before, during, or after the trial may not be presented in a motion to correct erroneous sentence. *Id*. at 787. Such claims are best addressed on direct appeal or as part of a petition for post-conviction relief if applicable. *Id*. A ruling on a motion to correct an erroneous sentence is subject to normal appellate procedures. *Id*. at 786.

We note White appears *pro se*. *Pro se* litigants are held to the same standards as licensed attorneys, and are required to follow our procedural rules. *Evans v. State*, 809

---

[1] Ind. Code § 35-48-4-1.

N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. In his petition, White argued his

sentence was erroneous because:

> [The] trial court's sentencing order is insufficient to support consecutive sentencing due to petitioner's guilty plea called him to plead guilty to consecutive sentences in drug offenses . . . prior to the trial court clearly stating that the aggravating circumstances outweigh the mitigating circumstances [and the] trial court found no mitigators. Notwithstanding, the trial court could have considered petitioner's age at the time of drug offense as a mitigators [sic]; the Trial Court could have also considered petitioner's guilty plea and the substantial benefit that he extended the state as mitigators.

(App. at 2) (grammatical errors in original).

Because a motion to correct erroneous sentence may be utilized only when the trial

court need not consider proceedings before, during, or after trial, we may not address White's

motion. *See Robinson*, 805 N.E.2d at 786 (appellate court may not review proceedings

before, during, or after trial to determine if trial court erred when denying motion to correct

erroneous sentence); *see also Jones v. State*, 544 N.E.2d 492, 496 (Ind. 1989) (issues

concerning how the trial court weighed factors in sentencing are not included as possible

theories for relief pursuant to Ind. Code § 35-38-1-15, which governs motions to correct

erroneous sentences). Accordingly, we affirm the denial of his motion to correct erroneous

sentence.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.